Oscar GARAY, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–83–395–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 20, 1984.

Rehearing Denied Oct. 11, 1984.

Blanca Lopez, Spring, Henry Burkholder, III, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ROBERTSON, Justice.

After a plea of not guilty, a jury found appellant guilty of "recklessly causing serious bodily injury to a child under the age of fifteen by placing her in hot water." The sole ground of error asserted by appellant is that "the evidence produced at trial was insufficient to show that appellant caused serious bodily injury to complainant." We affirm.

Appellant contends the evidence is insufficient to show that the child's burns placed her in a substantial risk of death and therefore appellant did not violate TEX.PENAL CODE ANN. § 22.04 (Vernon Supp.1984). We disagree.

In accordance with Section 1.07(a)(34) of the Texas Penal Code, the court instructed the jury that:

"serious bodily injury means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

Viewing the evidence in the light most favorable to the verdict we note:

1. Dr. Yudorich stated that due to the severity of the burns immediate treatment was necessary.

2. Dr. McCormack testified that on admission, Karla Elizabeth was extremely dehydrated and had burns on her lower back, buttocks, genitals, back portions of her thighs and calves and her feet.

3. Dr. McCormack further testified that Karla Elizabeth had to be stabilized when admitted to Ben Taub Hospital; that he "spent most of the day with her" and that he left the Intensive Care Unit, where the child was taken, only after he was sure the child wasn't going to die.

4. Dr. Mintz testified that on admission Karla Elizabeth had superficial and deep burns as first and second degree burns.

5. Photographs showing the severity of Karla Elizabeth's burns were before the jury and are in the record on appeal.

6. The medical testimony at trial indicated that Karla Elizabeth's burns were "deep" second degree burns under the new medical terminology. These burns were compared to third degree burns and would have been so labeled except that with scalding water, no charring of the skin occurs.

We hold that the photographs and the medical testimony provided sufficient evidence to sustain the jury finding that appellant did cause "serious bodily injury" to the child. The jury could reasonably conclude from the photographs and the oral testimony that Karla Elizabeth, a two year and five month old child, was likely to die from the injuries that she received or that she sustained serious permanent disfigurement. *Hooker v. State,* 621 S.W.2d 597 (Tex.Crim.App.1981). Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.