Jose Lorenzo SPEARMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-84-0524-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 27, 1985.

Frumencio Reyes, Jr. and Renato Santos, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Timothy G. Taft and John Cossum, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and HOYT, JJ.

## OPINION

HOYT, Justice.

The appellant, Jose Lorenzo Spearman, was charged by indictment with the offense of aggravated sexual assault. A jury found him guilty and assessed punishment at 25 years confinement. He raises two grounds of error. We affirm.

In ground of error one, the appellant contends that the evidence is insufficient to prove that he caused serious bodily injury or attempted to cause the death of the complainant as required by the Tex.Penal Code Ann. sec. 22.021 (Vernon Supp.1985).

The complainant testified that after getting off work around 1:00 a.m. on October 29, 1983, she drove to the "Numbers" night club to pick up a friend. She drove into the parking lot and almost hit the appellant as she opened the door of her car. He introduced himself, and while talking to her, pulled out a roll of money and stated that he did not know what to do with it. The complainant told Spearman that if he was seeking to have sex with her, she was not interested. He then asked her to give him a ride to his aunt's house, where he lived. Feeling sorry for him, and thinking that he was vulnerable with the large sum of money, the complainant agreed to give him a ride.

While riding to the aunt's house Spearman suggested that the complainant meet his aunt and she agreed. The aunt was asleep so she returned to her car and Spearman followed her. As she entered the car and attempted to close the door, he began pulling her hair and butting her face with his head.

The complainant struggled with Spearman, trying unsuccessfully to gouge his eye. He continued to butt her face with his head and began punching her with his fist. She tried crawling out through the passenger's side of the car, but lost consciousness. When she regained consciousness, she was lying on the grass being raped by Spearman. She managed to throw him off of her and run to a nearby restaurant. Spearman ran after her catching up with her at the restaurant and started beating her again. The restaurant manager approached them about this time and told Spearman to leave.

The indictment charged that Spearman caused penetration of his sexual organ in the sexual organ of the complainant and that he "caused serious bodily injury and attempted to cause the death of the complainant in the course of the same criminal episode." Spearman argues that in those cases where the courts have found serious bodily injury, either the complainant suffered some type of injury requiring medical treatment, or corrective surgery, or that a substantial risk of death existed. He argues that in this case there is no evidence that the complainant required medical treatment beyond the initial examination or that the injuries created a substantial risk of death.

"Serious bodily injury," as defined in Tex.Penal Code Ann. sec. 1.07(a)(34) (Vernon 1974), is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." A constituent element of the offense of aggravated sexual assault, serious bodily injury, may be proved in one of several ways. Where there are several means by which the offense may be committed, the allegation and proof of either of

the means will suffice to support a conviction. *Sidney v. State,* 560 S.W.2d 679, 681 (Tex.Crim.App.1978); *see and compare Garcia v. State,* 537 S.W.2d 930 (Tex.Crim. App.1976).

 The issue here is whether the state proved: (a) one of the several means of effecting serious bodily injury; or (b) that Spearman attempted to cause the death of the complainant. Dr. Paul F. McFarland testified that excessive blood in either the nose or the mouth of a victim on his back has the potential of blocking air passages, thus causing asphyxiation. The complainant testified about her difficulty in breathing, loss of consciousness, and nose fracture together with spitting up of blood. The evidence was sufficient for the jury to find that the blows to the complainant's head created a substantial risk of death. *See Harrison v. State,* 686 S.W.2d 220, 221–22 (Tex.App.—Houston [1st Dist.] 1984, pet. pending). We overrule ground of error one.

In ground of error two, Spearman contends that the evidence is insufficient to prove that the complainant was not his wife. During direct examination, the prosecutor asked the complainant whether she was married to Spearman. She answered, "I have never seen him before." Spearman contends that the answer did not establish beyond a reasonable doubt that the complainant was not his spouse. On a sufficiency of the evidence point the evidence must be reviewed in a light most favorable to the jury's verdict. *Seaton v. State,* 564 S.W.2d 721 (Tex.Crim.App.1978).

While the complainant never directly answered that she was not Spearman's wife, a jury could infer from her testimony that she could not have been married to him since she had not seen him before, did not use his name, and that there was no other evidence suggesting that they were married. We hold that the evidence was sufficient to support an inference that the complainant was not married to Spearman. Ground of error two is overruled.

Spearman has filed a pro se brief. However, he is represented by counsel who filed a brief in the case. There is no right to hybrid representation. *Rudd v. State,* 616 S.W.2d 623 (Tex.Crim.App.1981). His pro se brief, therefore, presents nothing for review. An examination of the contentions asserted therein reveals no error that should be considered in the interest of justice.

The judgment is affirmed.