**Brian Thomas McCANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–85–031–CR.**

Court of Appeals of Texas, Texarkana.

Aug. 13, 1985.

Russ Henrichs, Dallas, for appellant.

John D. Nation, Asst. Dist. Atty., Dallas, for appellee.

CORNELIUS, Chief Justice.

██ Brian Thomas McCann appeals his jury conviction and five year sentence for the first degree felony offense of injury to a child. He argues there is insufficient evidence that he inflicted the injuries or that the injuries constituted serious bodily injuries within the meaning of the statute.[1] We disagree and affirm the conviction.

Both McCann and his wife told various witnesses that the burns to the buttocks of their 22-month-old child resulted from an accident while McCann was bathing the child in the bathtub with a shower hose. However, Dr. Prescott, who treated the child, and who was an expert in child abuse burn cases, testified that he disbelieved Mrs. McCann's story when he saw the child over two days after the injury occurred. The parents had not sought medical care for the child until the second day after the injury. Prescott testified there were no splatter, splash, or irregular burn patterns on the child's back, buttocks, or legs. He stated that the regular round and even pattern of the burns on the child's buttocks and on one leg were classically consistent with child abuse scalding, where the abuser would hold the child and dip him into extremely hot water or hold the child in a rigid position and pour scalding water on a particular area of his body. It was his opinion that the injuries could not have happened in the manner related to him by Mrs. McCann. Viewing the evidence in the light most favorable to the jury verdict, we find it sufficient to justify a rational trier of fact in finding McCann guilty of the charged offense. *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983); *Hooker v. State*, 621 S.W.2d 597 (Tex.Cr. App.1980).

██ The child's injury required medical treatment and a week's hospitalization. Dr. Prescott testified the wounds were serious. Thus, serious bodily injury was inflicted, even though the child fully recovered without disfigurement. The relevant issue in determining serious bodily injury is the disfiguring or impairing quality of the injury as it was inflicted, not after the effects have been ameliorated by time or medical treatment. *Fancher v. State*, 659 S.W.2d 836 (Tex.Cr.App.1983); *Brown v. State*, 605 S.W.2d 572 (Tex.Cr.App.1980); *Garay v. State*, 681 S.W.2d 190 (Tex.App. —Houston [14th Dist.] 1984, pet ref'd).

The judgment of the trial court is affirmed.

---

1. Tex.Penal Code Ann. § 22.04(a)(1) (Vernon Supp.1985).