**Raul VILLARREAL, a/k/a Roberto Raul "Bobby" Villarreal, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–263–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Larry Warner, Port Isabel, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

Appellant was convicted of aggravated assault. The trial court assessed punishment at ten years in the Texas Department of Corrections. Appellant was charged in the indictment with causing serious bodily injury to Gene Harrison. In his one ground of error, appellant asserts that the evidence is insufficient in that it fails to show that Harrison suffered serious bodily injury. We agree and reverse and remand for the entry of an acquittal.

"Serious bodily injury" is defined by statute. TEX.PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974). "Serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

The State's evidence as to "serious bodily injury" was the testimony of Harrison and his treating physician. According to Harrison, appellant beat and kicked him on the face and torso. This resulted in two fractured ribs and a split lip. According to Harrison, his rib injuries prevented him from raising his arms for ten days and gave him pain for two weeks. During that period he could not lift anything because he did not want to "upset its healing."

Harrison's physician testified that Harrison had a bruise and lacerations to his face, and two fractured ribs. No testimony, expert or non-expert, was offered to show that the victim suffered either a substantial risk of death or a serious permanent disfigurement.

The issue, as raised by appellant, is whether the impaired use of the victim's arms, caused by the fractured ribs, shows "protracted loss or impairment of the function of any bodily member or organ." Appellant concedes that the function of the victim's arms was impaired, but he argues that for the injury to be classified as "serious bodily injury," the impairment must be protracted. We agree. Every word of a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence clause, phrase, and word be given effect if reasonably possible. *Morter v. State*, 551 S.W.2d 715 (Tex.Crim.App.1977). Although the statute could be read without the adjective "protracted" modifying the noun "impairment," such a reading would consume and make useless the term "protracted loss."

Moreover, the Court of Criminal Appeals has previously read Section 1.07(a)(34) in the manner suggested by appellant. *Williams v. State*, 575 S.W.2d 30 (Tex.Crim. App.1979). We agree with appellant that the evidence here fails to show a "protracted impairment" of the victim's arms.

As noted above, there is no testimony that the fractured ribs created a substantial risk of death, and this injury is not the type from which a trier of fact could infer a substantial risk of death from the injury itself. *See Williams v. State*, 696 S.W.2d 896 (Tex.Crim.App.1985) (Gunshot wounds to the buttocks, back, and thigh held not *per se* serious bodily injury); *Carter v. State*, 678 S.W.2d 155 (Tex.App.—Beaumont 1984, no pet.) (gunshot wound in the mouth, tongue pierced, victim hospitalized one week, evidence held sufficient to show serious bodily injury) *See also Fancher v. State*, 659 S.W.2d 836 (Tex.Crim.App.1983); *Holder v. State*, 643 S.W.2d 718 (Tex.Crim. App.1983); *Hooker v. State*, 621 S.W.2d 597 (Tex.Crim.App.1980); *Brown v. State*, 605 S.W.2d 572 (Tex.Crim.App.1980); *Payne v. State*, 596 S.W.2d 911 (Tex.Crim. App.1980); *Pickering v. State*, 596 S.W.2d 124 (Tex.Crim.App.1980); *Johnson v. State*, 583 S.W.2d 399 (Tex.Crim.App.1979); *Hart v. State*, 581 S.W.2d 675 (Tex.Crim. App.1979); *Boney v. State*, 572 S.W.2d 529 (Tex.Crim.App.1978); *Sanchez v. State*, 543 S.W.2d 132 (Tex.Crim.App.1976); *McQueen v. State*, 705 S.W.2d 271 (Tex.App.—Houston [1st Dist] 1986, no pet.); *Spearman v. State*, 694 S.W.2d 216 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Martinez v. State*, 694 S.W.2d 47 (Tex.App.—Corpus Christi 1985, pet. ref'd); *Botello v. State*, 693 S.W.2d 528 (Tex.App.—Corpus Christi 1985, pet. ref'd); *Lenzy v. State*, 689 S.W.2d 305 (Tex.App.—Amarillo 1985, no pet.); *Garay v. State*, 681 S.W.2d 190 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd); *Akbar v. State*, 660 S.W.2d 834 (Tex.App.—Eastland 1983, pet. ref'd).

Evidence of the victim's inability to raise his arms for two weeks caused by the pain of two fractured ribs, and the fractured ribs themselves, are insufficient to show that appellant caused "serious bodily injury." Appellant's sole ground of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for the entry of an acquittal.