**Mark D. ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–023–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Allen Lee, Rockport, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted by a jury of burglary of a habitation as defined in Tex. Penal Code Ann. § 30.02 (Vernon 1974). The indictment alleged that while in the habitation, appellant committed the offense of aggravated assault. The jury assessed punishment at confinement of 5 years. We affirm.

By two grounds of error, appellant maintains that there is insufficient evidence of serious bodily injury as that term is defined in Tex.Penal Code Ann. § 1.07(a)(34) (Vernon 1974) and that the trial court erred in refusing a requested instruction relating to an intervening causal connection of the injured party's own acts. No complaint is made concerning the sufficiency of the evidence to prove the unlawful entry of the habitation.

Having chosen to allege an aggravated assault, the State was required to prove each element of the assault. *Taylor v. State*, 637 S.W.2d 929 (Tex.Crim.App.1982). "Serious bodily injury" is defined as bodily injury that creates a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

Appellant cites us to a case out of this Court, *Villarreal v. State*, 716 S.W.2d 651 (Tex.App.—Corpus Christi 1986, no pet.), wherein this Court held that rib injuries to the victim which prevented his raising his arms for 10 days and gave him pain for two weeks did not constitute *protracted* loss or impairment of the function of the bodily member. The Court noted that the quoted definition of serious bodily injury contains the words "or protracted loss *or* impairment of the function" and held in *Villarreal* that the word *or* referred to both "loss" and "impairment." Support for this interpretation is found in the language of *Williams v. State*, 575 S.W.2d 30 (Tex.Crim.App.1979), wherein the Court of Criminal Appeals said, "We hold that the

injury which caused Puckett to lose lifting power in his arm for three months constitutes a *"protracted* impairment ... of the function of any bodily member, so that the wound would be classified as serious bodily injury (emphasis added)." Applying the logic of *Villarreal* to the case at bar, appellant then argues that the evidence is insufficient to show a protracted impairment of the function of the victim's finger. We disagree.

 The evidence in our case is that the female victim was awakened in the late night by a "young man that was fondling [her] breasts." He also pointed a dark object at her head. The victim and appellant struggled and appellant struck the victim on the head with the dark object. During the struggle the victim suffered a broken finger and two black eyes. Her total medical expenses were "$400 to $500." She testified that her broken finger still had some disfunction at the time of the trial and was a little stiff. The record reflects that nearly three-and-a-half months elapsed between the assault and the trial.

Paraphrasing the language of *Williams,* we hold that the injury which caused the victim in our case to have disfunction in her broken finger for more than three months constitutes a protracted impairment. Ground of error number one is overruled.

The requested instruction which was refused by the Court is as follows:

"You are instructed, in considering whether Mrs. Noel received serious bodily injury as defined herein, that if you find that her injuries, if any, were aggravated by her own failure to care for and treat her injuries as a reasonably prudent person would have done in the exercise of ordinary care under the same or similar circumstances, then you shall find the Defendant not guilty."

With regard to this requested instruction, we first note that the only claimed evidence of the victim's failure to care for and treat her injuries as a reasonably prudent person would have done is the statement by an attending physician that "she may have overused the hand against my instruction." This is not evidence which will support a requested instruction.

Even if there had been evidence that the victim aggravated her injury, it has long been the law that if an alleged defensive theory merely negates an element of the offense, then no affirmative charge must be given. *Sanders v. State,* 707 S.W.2d 78 (Tex.Crim.App.1986). The charge given correctly defined serious bodily injury and the application portion thereof correctly applied this law to the facts. The requested instruction was not necessary. Ground of error number two is overruled, and the judgment of the trial court is AFFIRMED.