TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00437-CR







Fabian Mendoza, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 94R-070, HONORABLE DAN R. BECK, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of intentionally or knowingly causing serious bodily
injury to an elderly individual. Tex. Penal Code Ann. § 22.04(a)(1), (e) (West 1994). The
district court assessed punishment at imprisonment for forty-five years.

 On the night of October 24, 1994, appellant broke into the home of eighty-nine-
year-old Angelina Janacek in Schulenburg. Appellant demanded money and, when told by
Janacek that she had no money, began to beat and kick her. Dr. J. D. Kocurek, who treated
Janacek for the injuries sustained in this assault, testified that she "sustained multiple abrasions,
bruises throughout her whole body, had multiple rib fractures and was in pain." Because of the
"acute bruises and amount of trauma she took to the abdominal area and also to the chest wall"
and because of evidence of internal bleeding, Janacek was transferred to a Victoria hospital for
expert treatment. Kocurek considered Janacek's injuries to be serious because "multiple rib
fractures and if anybody, much less someone being 89 years of age, there are a lot of secondary
complications that can develop; pneumonia, they can have respiratory distress, . . . puncture a
lung, they can have blood or air trapped inside the lung, which could break off and lead to blood
clots and clots to the brain and end up with stroke, could end up with heart attack . . . ." Kocurek
testified that each of these possible complications can be life-threatening. Janacek was
hospitalized for over two weeks, and spent another six weeks in a nursing home for special care.

 In his first point of error, appellant contends the evidence is legally insufficient to
prove that the injuries he inflicted created a substantial risk of death, or caused serious permanent
disfigurement or protracted loss or impairment of the function of any bodily member or organ. 
See Tex. Penal Code Ann. § 1.07(a)(46) (West 1994). He argues that the doctor's opinion that
the rib fractures were serious was based on the various complications that could have resulted. 
In fact, there was no evidence that any of these complications arose. By the time of trial, Janacek
had physically recovered and was again living alone in her home.

 In determining whether the evidence supports a finding of serious bodily injury,
the relevant issue is the quality of the injury as it was inflicted, and not after the effects are
ameliorated by medical treatment. Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App.
1980); Boney v. State, 572 S.W.2d 529, 531-32 (Tex. Crim. App. 1978). When the evidence is
viewed in the light most favorable to the verdict, a rational trier of fact could conclude beyond
a reasonable doubt that Janacek's bodily injuries, as inflicted, created a substantial risk of death. 
See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991) (standard of review). Villarreal v. State, 716 S.W.2d 651 (Tex. App.--Corpus Christi 1986,
no pet.), cited by appellant, is factually distinguishable. Point of error one is overruled.

 Appellant next contends the district court should have declared a mistrial after being
informed that a juror had an improper communication with a nonjuror. Appellant refers us to a
statement to the court by defense counsel made while the jury was deliberating appellant's guilt. 
According to counsel, "[S]hortly after the jury retired . . . I was approached by a person who
identified himself as Mr. Sisk, who said that last night, a juror who he has known for
approximately eight years by the name of Lee, whose last name he did not know . . . ran into him
. . . and this Lee told him quote we are going to hang that boy." Sisk was not in court and
counsel's efforts to secure his presence had been unsuccessful. The court stated, "Since we have
not been able to locate the person alleging the juror misconduct, we will proceed to deliberation." 
Appellant did not request a mistrial and, given the double hearsay nature of the evidence, we
cannot say the court reversibly erred by failing to declare a mistrial on its own motion. We also
note the absence of any evidence of prejudice to appellant resulting from the alleged improper
conversation. See McMahon v. State, 582 S.W.2d 786, 793 (Tex. Crim. App. 1978). Point of
error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: April 10, 1997

Do Not Publish



rt assessed punishment at imprisonment for forty-five years.

 On the night of October 24, 1994, appellant broke into the home of eighty-nine-
year-old Angelina Janacek in Schulenburg. Appellant demanded money and, when told by
Janacek that she had no money, began to beat and kick her. Dr. J. D. Kocurek, who treated
Janacek for the injuries sustained in this assault, testified that she "sustained multiple abrasions,
bruises throughout her whole body, had multiple rib fractures and was in pain." Because of the
"acute bruises and amount of trauma she took to the abdominal area and also to the chest wall"
and because of evidence of internal bleeding, Janacek was transferred to a Victoria hospital for
expert treatment. Kocurek considered Janacek's injuries to be serious because "multiple rib
fractures and if anybody, much less someone being 89 years of age, there are a lot of secondary
complications that can develop; pneumonia, they can have respiratory distress, . . . puncture a
lung, they can have blood or air trapped inside the lung, which could break off and lead to blood
clots and clots to the brain and end up with stroke, could end up with heart attack . . . ." Kocurek
testified that each of these possible complications can be life-threatening. Janacek was
hospitalized for over two weeks, and spent another six weeks in a nursing home for special care.

 In his first point of error, appellant contends the evidence is legally insufficient to
prove that the injuries he inflicted created a substantial risk of death, or caused serious permanent
disfigurement or protracted loss or impairment of the function of any bodily member or organ. 
See Tex. Penal Code Ann. § 1.07(a)(46) (West 1994). He argues that the doctor's opinion that
the rib fractures were serious was based on the various complications that could have resulted. 
In fact, there was no evidence that any of these complications arose. By the time of trial, Janacek
had physically recovered and was again living alone in her home.

 In determining whether the evidence supports a finding of serious bodily injury,
the relevant issue is the quality of the injury as it was inflicted, and not after the effects are
ameliorated by medical treatment. Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App.
1980); Boney v. State, 572 S.W.2d 529, 531-32 (Tex. Crim. App. 1978). When the evidence is
viewed in the light most favorable to the verdict, a rational trier of fact could conclude beyond
a reasonable doubt that Janacek's bodily injuries, as inflicted, created a substantial risk of death. 
See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991) (standard of review). Villarreal v. State, 716 S.W.2d 651 (Tex. App.--Corpus Christi 1986,
no pet.), cited by appellant, is factually distinguishable. Point of error one is overruled.

 Appellant next contends the district court should have declared a mistrial after being
informed that a juror had an improper communication with a nonjuror. Appellant refers us to a
statement to the court