NO. 07-02-0440-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 13, 2003



______________________________



BARRY JOHNSON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 3528; HON. FELIX KLEIN, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Barry Johnson appeals his conviction for aggravated assault by
contending, in one issue, that the evidence is legally insufficient to sustain the conviction. 
That is, the State allegedly failed to prove that appellant's victim (Sandra Weaver) suffered
serious bodily injury since her injuries were no more than burn areas on her shoulders,
fractured ribs, and a tender area over her eye. We overrule the issue and affirm the
judgment.


Applicable Law


 The applicable standard of review is well-settled and adequately discussed in
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We refer
the litigants to that opinion for an explanation of it.

 The State indicted appellant for committing aggravated assault by "intentionally,
knowingly, or recklessly caus[ing] serious bodily injury to Sandra Weaver, by hitting her
about the body with his hands." See Tex. Pen. Code Ann. §22.02(a)(1) (Vernon 2003)
(stating that a person commits aggravated assault if he commits assault and, among other
things, "causes serious bodily injury to another"). Next, serious bodily injury means "bodily
injury that creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily member or
organ." Id. §1.07(a)(46).

Application of the Law


 According to the evidence, appellant's beating resulted in Weaver suffering rug
burns to her shoulders, several fractured ribs, and a tender area over her left eye. 
Furthermore, the physician who treated her was asked at trial whether these injuries
constituted serious bodily injury, as that phrase was defined by statute. (1) He replied: "Yes,
the injuries could have. Even the blow to the face could have been considered life
threatening." (Emphasis added). Then, the prosecutor asked if he "would agree that those
injuries would create a substantial risk of death," to which the doctor answered "correct." 
 (Emphasis added). The doctor also explained why a blow to the head and broken ribs
could be life threatening. The former could result in bleeding within the skull while the latter
could result in punctured lungs or a lacerated liver.

 Also of record is the testimony of Weaver. The latter stated that though some 11
months had lapsed since the assault, she nonetheless still suffered headaches, still felt
pain due to the broken ribs, and still felt the ribs "moving around a lot." 

 In short, we have before us evidence illustrating that 1) Weaver suffered broken ribs
and blows to her head, 2) those type injuries could create a substantial risk of death, and
3) Weaver continued to feel the affect of those injuries approximately a year after the
assault. Together, it constitutes some evidence upon which a rational juror could find
beyond reasonable doubt that appellant's assault caused serious bodily injury to Weaver. 
That the doctor said, at times, the injuries "could" have been life threatening is of no
consequence. Use of the word "could" does not render his testimony hypothetical or
speculative. Boney v. State, 572 S.W.2d 529, 532 (Tex. Crim. App. 1978) (holding that the
testimony was sufficient to establish serious bodily injury even though the doctor opined
that the injuries "could cause shock" which "could result in death" and that "such a wound
could cause a substantial risk of death to a person"); St. Clair v. State, 26 S.W.3d 89, 101
(Tex. App.--Waco 2000, pet. ref'd) (holding testimony that a miscarriage poses a
substantial risk of death because it "could" lead to uncontrolled bleeding or a potentially
fatal infection, sufficient evidence of serious bodily injury).

 Nor does Villarreal v. State, 716 S.W.2d 651 (Tex. App.--Corpus Christi 1986, no
pet.) require a different result than that which we reached. Though the victim in Villareal
also suffered from broken ribs due to the assault, the court noted that "[n]o testimony,
expert or non-expert, was offered to show that the victim suffered either a substantial risk
of death or a serious permanent disfigurement." Id. at 652. The same cannot be said at
bar. Again, the treating physician opined here that Weaver's injuries "would" create a
substantial risk of death. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Do not publish.
1. The prosecutor had previously read to the doctor the statutory definition of "serious bodily injury."



 to the merits and remand the case to the trial court for
rendition of judgment in accordance with the agreement; or (C) abate the appeal and
permit proceedings in the trial court to effectuate the agreement. Tex. R. App. P.
42.1(a)(2). We think the disposition requested in this pending motion most nearly fits that
described in Rule 42.1(a)(2)(B), and will grant relief accordingly. 
           No decision of this Court having been delivered to date in the appeal, we set aside
the trial court’s September 17, 2007 judgment without regard to its merits, and remand the
case to the trial court for rendition of judgment in accordance with the agreement of the
parties, which may include the parties’ agreement with regard to disposition of the funds
on deposit. 
          It is so ordered.
                                                                           Per Curiam