NO. 07-02-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2003

_____

BARRY JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3528; HON. FELIX KLEIN, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Barry Johnson appeals his conviction for aggravated assault by contending, in one issue, that the evidence is legally insufficient to sustain the conviction. That is, the State allegedly failed to prove that appellant's victim (Sandra Weaver) suffered serious bodily injury since her injuries were no more than burn areas on her shoulders, fractured ribs, and a tender area over her eye. We overrule the issue and affirm the judgment.

### Applicable Law

The applicable standard of review is well-settled and adequately discussed in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We refer the litigants to that opinion for an explanation of it.

The State indicted appellant for committing aggravated assault by "intentionally, knowingly, or recklessly caus[ing] serious bodily injury to Sandra Weaver, by hitting her about the body with his hands." *See* TEX. PEN. CODE ANN. §22.02(a)(1) (Vernon 2003) (stating that a person commits aggravated assault if he commits assault and, among other things, "causes serious bodily injury to another"). Next, serious bodily injury means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* §1.07(a)(46).

### Application of the Law

According to the evidence, appellant's beating resulted in Weaver suffering rug burns to her shoulders, several fractured ribs, and a tender area over her left eye. Furthermore, the physician who treated her was asked at trial whether these injuries constituted serious bodily injury, as that phrase was defined by statute.[1] He replied: "Yes, the injuries *could* have. Even the blow to the face *could* have been considered life threatening." (Emphasis added). Then, the prosecutor asked if he "*would* agree that those injuries would create a substantial risk of death," to which the doctor answered "correct." (Emphasis added). The doctor also explained why a blow to the head and broken ribs

---

[1]The prosecutor had previously read to the doctor the statutory definition of "serious bodily injury."

2

could be life threatening. The former could result in bleeding within the skull while the latter could result in punctured lungs or a lacerated liver.

Also of record is the testimony of Weaver. The latter stated that though some 11 months had lapsed since the assault, she nonetheless still suffered headaches, still felt pain due to the broken ribs, and still felt the ribs "moving around a lot."

In short, we have before us evidence illustrating that 1) Weaver suffered broken ribs and blows to her head, 2) those type injuries could create a substantial risk of death, and 3) Weaver continued to feel the affect of those injuries approximately a year after the assault. Together, it constitutes some evidence upon which a rational juror could find beyond reasonable doubt that appellant's assault caused serious bodily injury to Weaver. That the doctor said, at times, the injuries "could" have been life threatening is of no consequence. Use of the word "could" does not render his testimony hypothetical or speculative. *Boney v. State*, 572 S.W.2d 529, 532 (Tex. Crim. App. 1978) (holding that the testimony was sufficient to establish serious bodily injury even though the doctor opined that the injuries "could cause shock" which "could result in death" and that "such a wound could cause a substantial risk of death to a person"); *St. Clair v. State,* 26 S.W.3d 89, 101 (Tex. App.--Waco 2000, pet. ref'd) (holding testimony that a miscarriage poses a substantial risk of death because it "could" lead to uncontrolled bleeding or a potentially fatal infection, sufficient evidence of serious bodily injury).

Nor does *Villarreal v. State,* 716 S.W.2d 651 (Tex. App.--Corpus Christi 1986, no pet.) require a different result than that which we reached. Though the victim in *Villareal* also suffered from broken ribs due to the assault, the court noted that "[n]o testimony, expert or non-expert, was offered to show that the victim suffered either a substantial risk

3

of death or a serious permanent disfigurement." *Id.* at 652. The same cannot be said at bar. Again, the treating physician opined here that Weaver's injuries "would" create a substantial risk of death.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice


Do not publish.

4