NO. 07-05-0388-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 15, 2006



______________________________




MICHAEL S. BLAKEMORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-435180; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Pursuant to a plea bargain, appellant, Michael S. Blakemore, pled nolo contendere
to insurance fraud, a state jail felony. On December 4, 2001, the trial court deferred
adjudication of guilt and appellant was placed on five years of community supervision. 
After he pled true to multiple violations, on February 2, 2004, the court granted the State's
motion to proceed with adjudication of guilt and sentenced appellant to two years
confinement, probated in favor of five years of community supervision. The court
subsequently revoked appellant's community supervision on September 15, 2005, and
sentenced him to one year of confinement in a state jail facility. (1) By a single point of error,
appellant contends the evidence was insufficient to sustain his conviction for a state jail
felony. However, the State maintains he cannot attack his conviction on direct appeal. We
agree and dismiss for want of jurisdiction.

 Although article 42.12, section 5(b) of the Code of Criminal Procedure permits an
appeal from assessment of punishment after an adjudication of guilt, it is still necessary to
timely file a notice of appeal. A defendant must file a written notice of appeal with the trial
court clerk within 30 days after the date sentence is imposed. See Tex. R. App. P. 25.2(c)
& 26.2(a)(1). The Rules of Appellate Procedure provide a fifteen-day window in which to
file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App.
P. 26.3. This Court is without jurisdiction to address the merits of an appeal and can take
no action other than to dismiss the appeal if it is not timely perfected. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Cr.App. 1998). 

 The record indicates appellant filed his notice of appeal on October 26, 2005. 
Therefore, appellant's intent to appeal the April 21, 2004 conviction, which he refers to as
the revocation of his deferred adjudication, is untimely and does not invoke this Court's
jurisdiction. (2) Appellant's point of error is overruled.

 Accordingly, we dismiss the purported appeal for want of jurisdiction. 

 Per Curiam

Do not publish.

 
1. The September 15, 2005 judgment is identified in the record as "Judgment
Adjudicating Guilt After Hearing." However, the record also contains a judgment
adjudicating guilt signed April 21, 2004. We express no opinion on the validity of the
September 15 judgment. 
2. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of
habeas corpus returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3 (Vernon 2005).



, it constitutes some evidence upon which a rational juror could find
beyond reasonable doubt that appellant's assault caused serious bodily injury to Weaver. 
That the doctor said, at times, the injuries "could" have been life threatening is of no
consequence. Use of the word "could" does not render his testimony hypothetical or
speculative. Boney v. State, 572 S.W.2d 529, 532 (Tex. Crim. App. 1978) (holding that the
testimony was sufficient to establish serious bodily injury even though the doctor opined
that the injuries "could cause shock" which "could result in death" and that "such a wound
could cause a substantial risk of death to a person"); St. Clair v. State, 26 S.W.3d 89, 101
(Tex. App.--Waco 2000, pet. ref'd) (holding testimony that a miscarriage poses a
substantial risk of death because it "could" lead to uncontrolled bleeding or a potentially
fatal infection, sufficient evidence of serious bodily injury).

 Nor does Villarreal v. State, 716 S.W.2d 651 (Tex. App.--Corpus Christi 1986, no
pet.) require a different result than that which we reached. Though the victim in Villareal
also suffered from broken ribs due to the assault, the court noted that "[n]o testimony,
expert or non-expert, was offered to show that the victim suffered either a substantial risk
of death or a serious permanent disfigurement." Id. at 652. The same cannot be said at
bar. Again, the treating physician opined here that Weaver's injuries "would" create a
substantial risk of death. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Do not publish.
1. The prosecutor had previously read to the doctor the statutory definition of "serious bodily injury."