

**NUMBER 13-07-00670-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**OSCAR RENE BENAVIDEZ,**  **Appellant,**

**v.**

**THE STATE OF TEXAS,**  **Appellee.**

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion on Remand by Justice Rodriguez**

This case is before us on remand from the Texas Court of Criminal Appeals. *See Benavidez v. State*, No. PD-1551-09, 2010 Tex. Crim. App. LEXIS 1339, at *1 (Tex. Crim. App. Oct. 20, 2010). Appellant Oscar Rene Benavidez was indicted for aggravated sexual assault and burglary of a habitation with intent to commit sexual assault. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2010), § 30.02(a)(1) (Vernon 2003). A

jury convicted him, instead, of the lesser-but-not-included offense of aggravated assault.[1] *See id.* § 22.02(a)(1) (Vernon Supp. 2010). The jury assessed punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed a $10,000 fine. By three issues, Benavidez contends that: (1) the evidence is legally insufficient to support his conviction for aggravated assault; (2) the trial court erred in submitting, over his objection, the lesser-but-not-included offense of aggravated assault in the jury charge; and (3) the trial court erred in cumulating this sentence with a previously imposed sentence in another cause. We reverse the case for legal insufficiency, vacate the judgment, and remand for entry of a judgment of acquittal.

## I. RELEVANT FACTS

### A. BACKGROUND

On the morning of July 5, 2006, Benavidez arrived at the home of his estranged wife, Adela Coronado, and forced his way into her apartment. According to testimony at trial, Benavidez knocked Coronado down, grabbed her by the neck, and began choking her. Coronado stated that she lost consciousness. When Coronado awoke, she was lying on the bedroom floor where she and Benavidez had sexual intercourse, which she claimed was nonconsensual. Coronado suffered abrasions, bruising, and a fractured rib. She also complained of pain and discomfort in her left hip area. Coronado testified that, at the time of trial, there was still bruising on her neck where Benavidez squeezed her throat. Coronado also testified that although she was in pain after the assault, she was given medication for the pain and released from the hospital after only a few hours.

---

[1] The Texas Court of Criminal Appeals referred to aggravated assault as a "lesser-but-not-included offense" of aggravated sexual assault, and we will do likewise. *See Benavidez v. State*, No. PD-1551-09, 2010 Tex. Crim. App. LEXIS 1339, at *8 (Tex. Crim. App. Oct. 20, 2010).

Coronado's medical records, admitted as State's exhibit 8, reveal that Coronado arrived at the emergency room of Valley Baptist Medical Center at approximately 3:00 p.m. on Wednesday, July 5, 2006. She was examined by an emergency room physician and by the sexual assault nurse examiner. X-rays were taken, and a diagnosis of "rib fracture" was made. Abrasions to the left arm and scapular area and labia, bruising to the left eye, left knee, and left, upper neck area, and a scratch mark to the left cheek were also noted on her medical records.[2] Approximately six hours after her arrival at the hospital, Coronado was discharged in stable condition with instructions to continue prescribed pain medications and to follow-up with a physician for the rib fracture. Coronado visited a physician five days later, on July 10, 2006. The physician's records reveal that there was "Extremity: swelling," and "chest … pain on movement." Coronado was to continue her pain medications and return to the office in one week for re-evaluation. There are no records of additional follow-up care.

## B. PROCEDURE

Benavidez was indicted for aggravated sexual assault and burglary of a habitation with intent to commit sexual assault. Over Benavidez's objection, the trial court submitted the State's proposed jury charge that authorized the jury, should it acquit Benavidez of aggravated sexual assault, to convict him of the lesser-but-not-included offense of aggravated assault.[3] The jury convicted Benavidez of aggravated assault. By finding him guilty of aggravated assault, the jury implicitly acquitted

---

[2] The medical records also referenced dark purple and green bruising on Coronado's right, upper chest. It appears from the entry, however, that this bruising resulted from an event that occurred on the previous Saturday.

[3] It is undisputed that the trial court erred in submitting this charge to the jury.

3

Benavidez of the offenses for which he was indicted.[4]  *See Benavidez,* 2010 Tex. Crim. App. LEXIS 1339, at *2.

Benavidez appealed from this conviction, and on original submission, we concluded that the trial court was without jurisdiction to enter a judgment convicting Benavidez of aggravated assault because aggravated assault is not a lesser-included offense of aggravated sexual assault, the offense for which he was indicted.  *Benavidez v. State*, No. 13-07-00670-CR, 2009 Tex. App. LEXIS 7865, at *6-7 (Tex. App.–Corpus Christi Oct. 9, 2009) (memo. op., not designated for publication), *vacated*, 2010 Tex. Crim. App. LEXIS 1339, at *13.   We vacated the trial court's judgment of conviction and remanded the case to the trial court for the entry of a judgment of acquittal.  *Id.* at *7.

On discretionary review, however, the court of criminal appeals noted that "'[a]lthough the trial court may have erred in its charge to the jury, it had jurisdiction to commit the error."  *Benavidez*, 2010 Tex. Crim. App. LEXIS 1339, at *4 (quoting *Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009)).   It further set out that "an appellate court does not properly order the entry of a judgment of acquittal unless either the trial court's ruling amounts to *de facto* but unacknowledged acquittal, or the appellate court itself finds that the evidence was legally insufficient to support the conviction."  *Id.* at *6 (citing *Smith v. Massachusetts*, 543 U.S. 462 (2005); *Bucks v. United States*, 437 U.S. 1 (1978)) (other citations omitted).   Applying this law, the court of criminal appeals concluded that our disposition ordering the entry of a judgment of acquittal was premature because there was neither a trial court ruling that amounted to an unacknowledged acquittal nor an appellate determination that the evidence failed to support Benavidez's

---

[4] The jury also found Benavidez not guilty of the lesser-included offense of burglary of a habitation with the intent to commit assault.   *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003).

conviction for aggravated assault by proof beyond a reasonable doubt. *Id.* at *5-6. While the court of criminal appeals determined that remand to the trial court for the entry of a judgment of acquittal was not appropriate, it also declined to remand to the trial court for further proceedings, as urged by the State, because it was uncertain what those "further proceedings" would be. *Id.* at *5, 8-9. Accordingly, the Texas Court of Criminal Appeals vacated our judgment and remanded the case to this Court for an analysis of the sufficiency of the evidence to support the jury's finding of guilt on the lesser-but-not-included offense of aggravated assault and of Benavidez's charge error issue, should we find the evidence legally sufficient. *Id.* at *13-14.

## II.  LEGAL SUFFICIENCY OF THE EVIDENCE

By his first issue, Benavidez contends that the evidence—specifically the evidence to prove, beyond a reasonable doubt, that he caused serious bodily injury to Coronado—is legally insufficient to support his conviction of aggravated assault. We agree.

### A.  STANDARD OF REVIEW

*Jackson v. Virginia* holds that when conducting a legal sufficiency review, a court must ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"—not "whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. 443 U.S. 307, 318-19 (1979); *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *36 (Tex. Crim. App. Oct. 6, 2010) (plurality op.). "[W]e assess all of the evidence 'in the light most favorable to the prosecution.'" *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting *Jackson*, 443 U.S. at 319). The trier of fact is the sole judge of the facts, the credibility of

5

the witnesses, and the weight given to testimony. *Jackson*, 443 U.S. at 307, 319; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet ref'd). We do not reevaluate the weight or credibility of the evidence, nor do we substitute our own conclusions for those of the trier of fact. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc). Instead, we resolve any inconsistencies in the evidence in favor of the final judgment and consider whether the factfinder reached a rational decision. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

## B. APPLICABLE LAW

We measure the legal sufficiency of the evidence based on a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd). Under a hypothetically correct jury charge, Benavidez committed the offense of aggravated assault if he intentionally, knowingly, or recklessly caused serious bodily injury to another.[5] TEX. PENAL CODE ANN. § 22.02(a)(1). The penal code defines "serious bodily injury" as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46) (Vernon Supp. 2010).

Generally, there are no facts which, if established, constitute serious bodily injury

---

[5] A person also commits aggravated assault if he "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2010). It has never been asserted, by indictment or otherwise, that a deadly weapon was involved in the charged offense here. Thus, this section is not applicable in this case.

per se. *Moore v. State*, 739 S.W.2d 347, 352 (Tex. Crim. App. 1987) (en banc). What is sufficient to establish that a complainant suffered serious bodily injury is determined on a case-by-case basis. *Id.*; *compare Webb v. State*, 801 S.W.3d 529, 532-33 (Tex. Crim. App. 1990) (en banc) (per curiam) (agreeing that the evidence was insufficient to prove serious bodily injury where there was no evidence of permanent disfigurement or of any continuing effects of the injuries caused by striking the complainant on the head with a rock), *Moore*, 739 S.W.2d at 362 (finding no serious bodily injury where the complainant was bedridden and unable to go out for a week due to a stab wound in the back), *and Villarreal v. State*, 716 S.W.2d 651, 652 (Tex. App.–Corpus Christi 1986, no pet.) (holding that neither the complainant's inability to raise his arms for two weeks due to the pain of two fractured ribs nor the fractured ribs themselves was sufficient to show serious bodily injury), *with Nunez v. State*, 117 S.W.3d 309, 330 (Tex. App.–Corpus Christi 2003, no pet.) *overruled, in part, on other grounds by Resendez v. State*, 160 S.W.3d 181, 186 (Tex. App.–Corpus Christi 2005, no pet.) (en banc) (finding that the complainant suffered severe bodily injury—impairment of function—during an assault where an injury from a cut to a finger on her left hand prevented her from closing her hand, caused pain throughout her entire arm, interfered with her ability to do housework, continued to affect her for six months after the assault, and resulted in the loss of function), *Madden v. State*, 911 S.W.2d 236, 244-45 (Tex. App.–Waco 1995, pet. ref'd) (concluding that there was serious bodily injury where complainant suffered a protracted impairment of a bodily member when he was shot in the hip, hospitalized for a day and a half, could not walk for a month after the shooting, and had permanent scar tissue where the bullet entered and exited his body), *and Allen v. State*, 736 S.W.2d 225, 227 (Tex. App.–Corpus Christi

1987, pet. ref'd) (holding that the complainant had protracted loss or poor impairment of the function of a bodily member and, thus, serious bodily injury, where he suffered a broken finger and still had some dysfunction in that finger nearly three and a half months after the assault).

## C. ANALYSIS

From the record before us, there is no testimony that Coronado's injuries created a substantial risk of death or that there were potential complications that created a substantial risk of death. *See* TEX. PENAL CODE ANN. § 1.07(a)(46). Also, there is no evidence of serious permanent disfigurement presented at trial or of the extent or permanence of scarring, if any, from any abrasion sustained. *See id.*; *Cain v. State*, 138 Tex. Crim. 573, 128 S.W.2d 102, 103-04 (Tex. Crim. App. 1940) (concluding that bruises and abrasions on the head which did not cause incapacitation were insufficient to show serious bodily injury). Finally, there is no evidence of a protracted loss or impairment of the function of any bodily member or organ or that Coronado was restricted in any particular physical activity. *See* TEX. PENAL CODE ANN. § 1.07(a)(46); *Moore*, 739 S.W.2d at 356 (Clinton, J. concurring). The five day period between her hospital visit and her follow-up office visit where she continued to have swelling in an extremity and chest pain on movement does not elevate Coronado's injury to a serious bodily injury. *See Moore*, 739 S.W.2d at 356.

Assessing all of the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could not have found that Benavidez caused serious bodily injury to Coronado. *See Jackson*, 443 U.S. 307, 318-19; *Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at *36; *Laster*, 275 S.W.3d at 517. Moreover, the State acknowledged

8

in its appellate brief that Coronado's injuries did not create a substantial risk of death, cause death, or cause her a "protracted loss or impairment of the function of any bodily member."  *See* TEX. PENAL CODE ANN. § 1.07(a)(46).  The State recognized that "given the evidence adduced at trial, the established case law does not support the conclusion that the evidence was legally sufficient to show that Adela Coronado suffered serious bodily injury and established the offense of aggravated assault."  Accordingly, we sustain Benavidez's first issue.[6]

### III. CONCLUSION

Having concluded that the evidence is not legally sufficient to support Benavidez's conviction for the lesser-but-not-included offense of aggravated assault, we reverse the case on that basis, vacate the trial court's judgment of conviction, and remand the case to the trial court for the entry of a judgment of acquittal.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 16th
day of December, 2010.

---

[6] Because this first issue affords Benavidez the greatest relief possible and because it is dispositive of the appeal, we need not address the remaining issues, one of which undisputedly involves charge error. *See* TEX. R. APP. P. 43.3, 47.1; *Benavidez*, 2010 Tex. Crim. App. LEXIS 1339, at *9-10 (setting out that it has long been held "that an appellant who established trial error is still entitled to appellate consideration of his claim that the evidence is insufficient to support his conviction" because "while trial error alone would not bar the State from retrying the case, a finding of legal insufficiency on appeal would interpose a jeopardy bar to retrial").