

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00074-CR

---

RUBEN CASTILLO, JR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1887, Honorable John J. "Trey" McClendon III, Presiding

---

March 17, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Ruben Castillo, Jr., appeals from his conviction for aggravated assault with a deadly weapon causing serious bodily injury to a household member.[1] The jury sentenced him to sixty years of confinement. By a single issue, Appellant contends the trial court erred by admitting expert testimony that lacked a reliable foundation. We affirm.

---

[1] *See* TEX. PENAL CODE § 22.02(a), (b)(1)(A).

## BACKGROUND

A grand jury indicted Appellant for intentionally causing serious bodily injury to his nineteen-month-old stepdaughter, A.O., by burning her with hot water, a deadly weapon. Dr. John Griswold, the Medical Director of University Medical Center's Burn Center, testified that A.O. suffered third- and fourth-degree burns over roughly forty percent of her body. Law enforcement measured the water temperature from Appellant's tap at 158 degrees Fahrenheit. Dr. Griswold described the injuries as consistent with a scald burn caused by hot liquid.

Dr. Griswold opined that A.O. was held in the hot water for at least several minutes, an act he characterized as intentional. Dr. Griswold did not believe A.O.'s injuries were consistent with Appellant's account to law enforcement. According to Appellant, he was bathing the child in the sink, stepped away to retrieve a towel, heard her screaming after about twenty seconds, and returned to find her struggling against scalding water from the faucet.

On appeal, Appellant challenges the admission of Dr. Griswold's testimony regarding the time necessary to produce burns of such severity.

## STANDARD OF REVIEW & APPLICABLE LAW

We review evidentiary rulings for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). A trial court abuses its discretion when it acts without reference to guiding principles or acts arbitrarily or unreasonably. *Id.*

To preserve error, a party must make a timely objection stating the grounds with sufficient specificity to alert the trial court to the complaint. TEX. R. APP. P. 33.1(a)(1)(A). A general objection preserves error only if the legal basis is obvious to the court and opposing counsel. *Gonzalez v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020). No magic words are required, but the objection must be clear enough to afford the court an opportunity to address and correct the alleged error. *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). The appellate argument must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Three requirements govern the admission of expert testimony: the witness must be qualified by knowledge, skill, experience, training, or education (qualification); the subject matter must be appropriate for expert testimony (reliability); and the testimony must assist the factfinder (relevance). *Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006); *Rhomer*, 569 S.W.3d at 669. Here, Appellant concedes that Dr. Griswold was qualified and that his testimony was relevant. Only the reliability of Dr. Griswold's opinion is challenged.

**ANALYSIS**

An expert's opinion is inadmissible as unreliable if the underlying facts or data do not provide a sufficient basis for it. TEX. R. EVID. 705(c). During a hearing outside the jury's presence, Dr. Griswold explained that the sharp demarcation between A.O.'s burned and unburned skin indicated intentional, rather than accidental, injury. When asked how long A.O. would have had to be held under the water to suffer such severe

3

burns, Dr. Griswold opined she would have been submerged for several minutes at least. He based this opinion on the water temperature and the depth of the burns, explaining that burns extending into muscle tissue, particularly in the chest area, take time to develop. Dr. Griswold also noted that accidental burns tend to produce varying degrees of injury rather than uniformly third- and fourth-degree burns.

Appellant cross-examined Dr. Griswold about the scientific literature on scald burns. Dr. Griswold acknowledged that the available studies are industrial rather than clinical, adding, "I can't tell you much more than that." When asked whether he based his opinion on any particular study, Dr. Griswold responded that he relied on teachings from burn centers based on those industrial studies. Appellant presented Dr. Griswold with two studies on time and temperature for scald burns that differed from his opinion. Dr. Griswold explained that his opinion is based in large part on his personal experience.

At the conclusion of the hearing, Appellant objected: "Judge, at this point, we'll object to him talking about the time and temperature just due to failure to lay a proper predicate." The trial court overruled the objection. Immediately before Dr. Griswold testified to the jury, Appellant requested a running objection on the same basis. It is Dr. Griswold's testimony about the time required to inflict A.O.'s injuries that Appellant now challenges.

1. No Preservation Via Specific Objection

We hold that Appellant failed to preserve error regarding the reliability of Dr. Griswold's testimony via a specific objection. A "predicate" objection, in evidence

4

parlance, typically refers to the foundational requirements for admitting exhibits such as physical evidence, recordings, photographs, or documentary exhibits. *See Harris v. State*, 565 S.W.2d 66, 69 (Tex. Crim. App. 1978); *S.D.G. v. State*, 936 S.W.2d 371, 381 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

Challenges to expert testimony, by contrast, are framed in terms of qualifications, reliability, or relevance. *See Vela*, 209 S.W.3d at 131. In *Teixeira v. State*, which involved a challenge to expert testimony, our sister court noted that an objection to "improper predicate" fails to preserve error because it does not inform the trial court exactly how the evidence is deficient. 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). The Court of Criminal Appeals has applied this same approach to other complaints about evidence admissibility. *See e.g., Bird v. State*, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985) (en banc) (holding objection to improper predicate did not preserve chain-of-custody issue); *Harris*, 565 S.W.2d at 70 (same; no preservation of challenge to admission of recording); *Boss v. State*, 489 S.W.2d 582, 584 (Tex. Crim. App. 1972) (same; challenge to admission of exhibits).

Counsel's complaint that the State "fail[ed] to lay a proper predicate" did not communicate with sufficient clarity a complaint that Appellant intended to challenge the reliability of Dr. Griswold's methodology or the relevance of his testimony. Accordingly, we hold the objection was not sufficiently specific to preserve the argument Appellant now advances on appeal. TEX. R. APP. P. 33.1(a).

5

2. Reliability of Testimony

Nevertheless, even assuming Appellant preserved error, we hold the trial court did not abuse its discretion in permitting Dr. Griswold's testimony.

In assessing the scientific reliability of an expert opinion, courts consider several factors, including the extent to which the underlying theory is accepted in the relevant scientific community, the qualifications and experience of the expert, the existence of supporting or rejecting literature, the potential rate of error, the availability of other experts to evaluate the technique, the clarity with which the theory can be explained, and the experience and skill of the person applying the technique. *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). These factors are nonexclusive. The trial court's gatekeeping function does not supplant cross-examination as the traditional means of attacking otherwise admissible evidence. *Wolfe v. State*, 509 S.W.3d 325, 336 (Tex. Crim. App. 2017).

The Court of Criminal Appeals' application of the *Kelly* factors in *Wolfe v. State* is instructive. There, three physicians testified that a seven-month-old child's injuries were inflicted intentionally rather than accidentally. 509 S.W.3d at 329–33. The Court examined the *Kelly* factors and found no abuse of discretion in admitting the testimony, emphasizing that all three experts based their opinions on medical school training and clinical experience treating pediatric head trauma. *Id.* at 336–37.

Dr. Griswold's testimony rests on a similar foundation. He has served as Medical Director of the Burn Center for thirty-two years, has authored over 250 publications on

burns, and serves as a tenured professor at Texas Tech Health Sciences Center. The center admits over 1,000 burn patients annually, roughly forty percent of whom are children under ten. His opinion rested on his training at verified burn centers affiliated with the American Burn Association and on his extensive clinical experience. Although Dr. Griswold acknowledged that clinical literature on scald-burn timing is limited and could not specify a rate of error, his methodology found support from another expert. Dr. Jennifer Hansen, a physician board-certified in general pediatrics and child abuse pediatrics, testified that her training on burns focuses on pattern recognition. She described two general types of scald burns: splash or flow burns, which produce irregular patterns, and immersion or submersion burns, which produce uniform patterns with clear demarcation lines. Dr. Hansen concluded that A.O.'s burns were consistent with immersion rather than splash and determined that A.O.'s injuries were consistent with nonaccidental trauma. Several of our sister courts have admitted similar testimony. *See Peterson v. State*, 137 S.W.3d 739, 744 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *McCann v. State*, 695 S.W.2d 791, 792 (Tex. App.—Texarkana 1985, no pet.).

Weighing the *Kelly* factors, we conclude the trial court did not abuse its discretion in permitting the testimony. The lack of clinical literature and the absence of a defined rate of error may weigh against admission, but Dr. Griswold's extensive qualifications, the acceptance of his methodology among burn specialists, corroboration from Dr. Hansen, and the clarity of his explanation support the trial court's ruling. Appellant was afforded the opportunity to vigorously cross-examine Dr. Griswold, and the jury was free to assess the weight of his testimony. *Wolfe*, 509 S.W.3d at 336.

We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's issue on appeal, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.