**Mack MATHIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36837.**

Court of Criminal Appeals of Texas.

April 15, 1964.

No Attorney of Record on Appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is theft of property over the value of $50.00; the punishment, two years confinement in the state penitentiary.

The indictment alleges that appellant did fraudulently take one 18 h. p. Johnson Outboard Motor of the value of over $50.00, the same being the corporeal personal property of Ray Haddad, from the possession of the said Ray Haddad, without the consent of the said Ray Haddad, with the intent to deprive the said Ray Haddad of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Mack Mathis.

We shall not fully detail a statement of the testimony in view of our disposition of this case.

The state introduced the written statement of appellant to show the theft of the motor. The pertinent portion of the confession, after stating the name and address of appellant, is as follows:

"On or about August 6, 1962, I was at the River's Cafe, in Uncertain, Texas. About an hour before this I had been with Tom Mathis, Jr., but he had left me and I did not know where he had gone until I saw him in a boat down at the Fly N Fish dock. He had

an 18 horsepower red and white Johnson Motor over in the boat with him when I saw him. I asked him what he was going to do with that motor, and he said he was going to keep it and give me some of the money he got for it. I helped him to carry the motor up to a car about 100 yards from the dock and load it into the trunk of the car that was parked next to my cabin. Tom Mathis, Jr. came back sometime during the night and got the motor and sold it for $30.00. Tom Mathis, Jr. gave me $5.00 out of the $30.00 that he received from this motor. This transaction took place about 11:30 P.M. on or about August 6, 1962, to the best of my knowledge."

"All of the above happened in Harrison County, Texas, on or about the dates alleged above so far as I can remember and no one gave Tom Mathis, Jr., or me any permission to take any of these motors or to sell these motors and split proceeds between us."

The state adduced no further testimony to connect appellant with the taking of the motor. It is stated in 41–A Tex.Jur. p. 52, Sec. 36:

"The taker must be connected with the original appropriation of the property to be guilty of theft. For this purpose, no connection with the property after the taking, whether in good or bad faith, honest or fraudulent, suffices. Thus a person not in any way connected with the original taking is not guilty of theft merely because he subsequently received, purchased or otherwise came into possession of the property, or because he aided the thief in carrying it away or disposing of it, and this is true even though he knew that the property had been stolen."

We find the evidence insufficient to sustain the verdict of the jury.

The cause is reversed and remanded for another trial.