**Rose Anderson WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55469.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 3, 1979.

Pat McDowell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum, Kelly W. Loving and Bob Hinton, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Rose Anderson Williams appeals her conviction for aggravated robbery. Punishment was assessed by the jury at fifty years.

Williams contends that the court erred in failing to submit several requested charges to the jury, that evidence of prior federal convictions was not properly authenticated, that the prosecutor made an improper jury argument and that an extraneous offense was improperly admitted. Appellant also contends that the State failed to prove that the knife used in the commission of the robbery was a deadly weapon and therefore the evidence is insufficient.

Early in the evening of March 10, 1976, appellant and Robert Williams entered the Town East T.V. store in Mesquite. Robert Williams pulled a pistol, grabbed Mike Lindsey, a customer, and demanded the store's money from Randy Puckett, the complainant. A scuffle ensued and both Lindsey and Puckett were stabbed by appellant. Lindsey testified that he was stabbed twice in the back. He was treated at a hospital for this injury. He was not able to work for a week and a half because of the injury. Puckett testified that he received multiple stab wounds. The most serious was a gash in his left shoulder. The muscle came out of his skin and had to be placed back into his shoulder by a bystander who administered first aid. The wound bled profusely. Puckett went to the hospital where he received twenty-five stitches to close his shoulder wound. Puckett was unable to lift anything for three months after the attack.

A knife is not a deadly weapon per se. *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr.App.1978); *Windham v. State*, 530 S.W.2d 111 (Tex.Cr.App.1975). In an aggravated robbery case involving a knife, the State must prove the knife is a deadly weapon which is defined as something "that in the manner of its use or intended use is capable of causing death or serious bodily injury." V.T.C.A., Penal Code, Section 1.07(a)(11)(B). "Serious bodily injury" is defined, in part, as injury that causes "protracted loss or impairment of the function of any bodily member or organ." V.T.C.A., Penal Code, Section 1.07(a)(34).

We have recently clarified our law and stated that expert testimony is not required to prove that a weapon is deadly. *Denham v. State*, 574 S.W.2d 129 (No. 56,-136, delivered December 13, 1978); *Limuel v. State*, supra. Thus, no one needs to testify to the conclusion that the weapon was capable of producing serious bodily injury. The jury is free to consider all of the facts of the case, including any actual wounds inflicted or words spoken by the appellant, in deciding if the weapon is deadly.

In the instant case appellant used the knife to stab Puckett and Lindsey sev-

eral times. The most serious wound was inflicted on Puckett's shoulder. The wound was large enough for a muscle to protrude from the body. There was considerable bleeding and twenty-five stitches were required to close the wound. We hold that the injury which caused Puckett to lose lifting power in his arm for three months constitutes a "protracted impairment . . of the function of any bodily member," so that the wound would be classified as serious bodily injury. See *Calvin v. State,* —— S.W.2d —— (No. 53,829, delivered December 13, 1978) (opinion concurring in part and dissenting in part). Because the knife did, in fact, inflict a serious wound, we conclude that the evidence was sufficient to prove the knife was used in such a way that it was capable of causing serious bodily injury.

■ Williams next contends she was entitled to her requested charges on the lesser included offenses of attempted robbery, aggravated assault, assault and theft. Our law provides that "a charge on the lesser [included offense] is not required unless there is testimony raising such issue that appellant, if guilty, is guilty only of the lesser offense." *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978); *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974). The State's evidence showed all of the elements of aggravated robbery. Appellant did not take the stand. Robert Williams did testify for appellant; his testimony was that appellant did not stab anyone and had left the store when a fight began. Robert Williams' testimony indicates that appellant was not guilty of any offense. Thus, the State's evidence indicated that appellant was guilty as charged; the defense evidence indicated she was not guilty of any offense. Appellant was not entitled to a charge on any lesser included offense.

■ Williams next argues she was entitled to requested charges on the defense issues of necessity, mistake of fact and defense of a third person. A defendant is entitled to a charge on a defensive issue only if the evidence raises such an issue. *Brooks v. State,* 548 S.W.2d 680 (Tex.Cr.

App.1977). The only evidence which arguably raises these issues was the testimony of Robert Williams. But his testimony also indicates that appellant did not stab anyone and that she was not in a position to perceive the facts giving rise to the defenses. His testimony does not, therefore, raise all of the elements of the defenses. The court's refusal to submit these charges was proper.

■ Appellant makes several challenges to the State's proof of her prior federal convictions. First, appellant argues a fingerprint card constituted inadmissible hearsay. The record reflects that the custodian of that record testified to all the requisites of the business records exception. Article 3737e, V.A.C.S. The card was properly admitted. Second, appellant complains of extraneous and prejudicial words on various State's exhibits. The record reflects that all of the objected to portions were removed. Finally, Williams, urges that the federal conviction papers show she was originally charged with six counts but was finally convicted of only three and that the other three counts were extraneous offenses. Appellant has misinterpreted the federal conviction papers. In addition to other indications that appellant was finally convicted of all six counts, we note these words in the judgment revoking probation:

". . . the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of thirteen (13) months on each of the six counts to run concurrently with each other."

These contentions are overruled.

■ Complaint is next made of the following jury argument during the punishment phase of the trial:

". . . the law says thirdly that the sentence you set out to act as a deterrent to crime because you twelve folks are thinking about Rose Williams; you're thinking about Joe Whitfield [appellant's husband], but you've got a million people in this county that are relying on you and the next jury after you and the next one

after that to protect them from the Rose Williams and the Robert Williams that are prowling our street."

Appellant's objection that this argument is an appeal to community expectation was overruled. It is a proper argument that a sentence ought to deter crime and therefore protect the community.

 Finally, appellant argues that evidence of an extraneous offense was improperly admitted. The State, in rebuttal, offered evidence that appellant and Robert Williams had, earlier in the day, robbed a gift store using a very similar technique to the one they used in the robbery of the TV store. Appellant argues that because identity was not an issue, and appellant did not testify, the extraneous offenses were not admissible. Robert Williams' testimony denied any attempt to commit a robbery. He testified that he and Puckett simply got into a fight and appellant exited the store as soon as it began. The extraneous offense tended to refute a defensive theory that appellant did not participate in the robbery. For such limited purpose, it tended to rebut Robert Williams' testimony and was admissible.

There is no reversible error. The judgment is affirmed.

TOM G. DAVIS, J., concurs in the result.