Jeffery Leonard KENNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–032–CR.

Court of Appeals of Texas, Texarkana.

March 29, 1988.

Carol Hammond, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

GRANT, Justice.

Jeffery Kenney was convicted of aggravated robbery and sentenced to twenty-seven years in the Texas Department of Corrections.

Kenney and an accomplice attacked the victim, a seventy-four year old man, when he discovered them in the process of robbing his home. The victim, Poteet, caught them filling a box with his belongings. He asked them what they were doing in his house and started toward his bedroom. The two men followed him and after Poteet produced a pocket knife, one of the two men knocked him down and both men started kicking him in his side, chest and head.

Poteet testified that the men broke three ribs and his nose by kicking him. He also testified that he had headaches and problems with his neck, shoulders and equilibrium. He further testified that he was having difficulty breathing through his left nostril and would need to undergo surgery to repair the damage to his nose.

The treating physician testified that Poteet had rib injuries that could have caused serious bodily injury or death by severing an artery or collapsing a lung. The doctor also testified that a nose fracture can cause death if an infection sets into the bone or if the impact drives a bone fragment into the brain. According to the doctor, the dam-age to Poteet's nose could be repaired by surgery.

Kenney attacks the sufficiency of the evidence to prove serious bodily injury beyond a reasonable doubt. The test in considering the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

"Serious bodily injury" is statutorily defined by Tex. Penal Code Ann. § 1.07(34) (Vernon 1974) to mean "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

The examining physician's testimony does not indicate that any of the victim's injuries actually caused a "substantial risk of death," but rather indicates that such injuries could cause that risk. This type of hypothetical is insufficient to meet any portion of the definition. *Moore v. State*, 739 S.W.2d 347 (Tex.Crim.App.1987).

The State argues that the evidence of damage to the victim's nose and the consequent impairment of his breathing brings the offense within the definition of aggravated robbery. The statute is interpreted as requiring a protracted "impairment of the function of any bodily ... organ." *Williams v. State*, 575 S.W.2d 30 (Tex. Crim.App.1979); *Villarreal v. State*, 716 S.W.2d 651 (Tex.App.–Corpus Christi 1986, no pet.) (and cases cited therein). "Nose" is defined by Webster's New Collegiate Dictionary as "the vertebrate olfactory organ," and was treated as a bodily member or organ in *Brown v. State*, 605 S.W.2d 572 (Tex.Crim.App.1980).

We must now determine whether the victim's actual injury constitutes serious bodily injury under the statutory definition. Poteet testified that his breathing was impaired by the injury until the time of trial, four months after the attack. Physi-

cians testified that Poteet's loss of breathing function is repairable by surgery, but would otherwise be permanent. This fact pattern falls within the definition of a protracted impairment of the function of a bodily member or organ. An impairment that has lasted for three months has been held to be "protracted." *Williams, supra.* In the present case, the actual impairment had extended for at least four months at the time of trial. Furthermore, without surgery the impairment would be permanent.

Kenney contends that the recent case of *Moore v. State, supra,* requires that medical care to the victim be considered when determining whether a "serious bodily injury" exists. That case examined the part of the definition describing an injury creating a substantial risk of death, and apparently concluded that evidence will support such a finding if an injury creates a substantial risk of death, *whether treated or not.* The opinion goes on to suggest that when medical attention is unavailable an otherwise temporary injury may develop into an injury creating a substantial risk of death which would meet the statutory definition. The Court's analysis in *Moore* does not suggest that medical attention can reduce the severity of an injury, but does suggest that its unavailability might cause an injury to become more severe. This does not impact the holding of *Brown v. State, supra.* The court in *Brown* held that the relevant issue is the impairing nature of the injury as it was inflicted, not after the victim received medical attention.

Upon examining the evidence in light of these considerations, the testimony of the victim and his physician clearly provides sufficient evidence to support the verdict.

 In a separate point, Kenney argues that the State failed to prove that "radios" were taken in the robbery as alleged by the indictment, causing a fatal variance between the indictment and the offense proved at trial. Kenney argues that there was no proof that any radios were taken. This statement is incorrect. Kenney's confession was admitted as a State's exhibit and read at trial by a police officer without objection. Kenney confessed that he took among other things, a .22 caliber rifle and a box full of radios. Kenney also confirmed on the stand that the statement he gave the police was correct except for his failure to tell about another party who had remained in his car during the robbery. Evidence was clearly before the jury that Kenney was involved with the theft of a box of radios. His act in taking the stand and confirming the contents of his confession constituted a judicial confession. *Casey v. State,* 527 S.W.2d 882 (Tex. Crim.App.1975). A conviction may not be based solely on an extra-judicial confession, but the confession must be corroborated by other evidence. *Mathis v. State,* 377 S.W. 2d 660 (Tex.Crim.App.1964). However, a judicial confession or admission does not require corroboration, and it is sufficient to sustain a conviction. *Knight v. State,* 481 S.W.2d 143 (Tex.Crim.App.1972).

We affirm the judgment of the trial court.