CHARRO V. STATE 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-143-CR





PAUL CHARRO,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 100,666, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 




 A jury convicted appellant, Paul Charro, of recklessly causing serious injury to a
child, a third-degree felony. See Tex. Penal Code Ann. § 22.04(a)(1), (2), and (3) (1989). The
jury also found that appellant had used a deadly weapon during the commission of the offense. 
The trial court assessed punishment at twenty years' confinement in the Texas Department of
Criminal Justice, Institutional Division. (1) On appeal, appellant challenges the legal and factual
sufficiency of the evidence to support his conviction. We will affirm.


BACKGROUND


 On the evening of June 5, 1989, Austin police officers received an assist-EMS call
to a residence on Lyons Street. On arriving at the residence, the officers found the appellant, his
wife, and two small children, ages three and one. The officers noticed that the three-year-old
child had his hand wrapped in a cloth. After further investigation, the officers found that the
child's hand was severely burned.

 In a written statement, the appellant admitted that he had burned the child's hand. 
He said he had held the child's hand over the flame on the cooking stove in order to teach the
child a lesson. He claimed, however, that he never intended to burn the child.


STANDARD OF REVIEW


 As stated above, the appellant challenges both the legal and factual sufficiency of
the evidence to support his conviction. In reviewing the legal sufficiency of the evidence, the
standard is whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Webb v. State, 801 S.W.2d 529, 530 (Tex.
Crim. App. 1990). As for the factual sufficiency of the evidence, this Court recently determined
that it had the power to conduct such a review in Stone v. State, No. 3-90-149-CR (Tex. App.--Austin, January 8, 1992, no pet.). In that opinion, we also discussed the factual-sufficiency
standard of review:



 When the court of appeals conducts a factual-sufficiency review, the
court does not ask if any rational jury, after viewing the evidence in the light most
favorable to the prosecution, could have found the essential elements of the crime
beyond a reasonable doubt. . . . Rather, the court views all the evidence without
the prism of "in the light most favorable to the prosecution." Because the court is
not bound to view the evidence in the light most favorable to the prosecution, it
may consider the testimony of defense witnesses and the existence of alternative
hypotheses. The court should set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.

Id., slip opinion at 10.


SERIOUS BODILY INJURY


 Section 22.04 of the Texas Penal Code provides the following:

 A person commits an offense if he . . . recklessly, . . . by act or
omission, engages in conduct that causes to a child who is 14 years of age or
younger . . . :


 (1) serious bodily injury;


 (2) serious physical or mental deficiency or impairment;


 (3) disfigurement or deformity; . . . .


Tex. Penal Code Ann. § 22.04(a)(1), (2), and (3) (1989). In his first and third points of error,
the appellant argues that the evidence is legally and factually insufficient to support a jury finding
that the child's burned hand was (1) a serious bodily injury; (2) a serious physical or mental
deficiency or impairment; or (3) a disfigurement or deformity.


1. Evidence

 At trial the State introduced the testimony of several physicians and physical
therapists who were involved in the treatment of the child's hand in the present case. Their
testimony, and evidence introduced through them, showed the following:

 (1) The child was in the hospital for approximately three weeks receiving treatment
for his burned hand.

 (2) The child's hand suffered from severe second degree burns that resulted in
swelling of the hand, loss of fingernails, and severe blistering of the skin.

 (3) While in the hospital, the child naturally held his hand in the most
comfortable position, thereby becoming susceptible to developing a "claw hand" from a shortening
of tendons and the formation of scar tissue. The attending physicians and therapists prescribed
various treatments (such as a splint for the child's hand) and occupational therapy to prevent the
development of such a condition.

 (4) The physicians also prescribed physical and occupational therapy to help the
child increase the range of motion and strength in his burned hand.

 (5) As of three months after the child's hand was burned, the child still did not
have the full range of motion in his hand, and on the strength scale the child could not move the
needle when fifteen to twenty pounds of force would have been normal.

 (6) The child's hand has permanent scars resulting from the burn, and the hand
suffers from hot and cold insensitivity. Further, without the treatment and therapy described
above, the child would have developed a claw-hand condition and, thus, the use of his hand would
have been seriously restricted.


2. Discussion

 Viewing this evidence in the light most favorable to the prosection, we conclude
that it is legally sufficient to support the jury's verdict. The Texas Penal Code defines "serious
bodily injury" as a "bodily injury that creates a substantial risk of death or that causes death,
serious permanent disfigurement, or protracted loss or impairment of the function of any bodily
member or organ." Tex. Penal Code Ann. § 1.07(a)(34) (1974). In the present case, the child
had very restricted use, if any, of his hand for several weeks after it was burned. Indeed, for at
least three months after it was burned, the range of motion in the hand was very restricted and the
strength of the hand was severely diminished. Further, the child's hand is permanently scarred
and suffers from decreased sensitivity. Based on this evidence of protracted loss or impairment
of the function of a bodily member or organ, we conclude that a rational jury could find beyond
a reasonable doubt that the child's burned hand was a serious bodily injury as that term is defined
in the statute. See Brown v. State, 605 S.W.2d 572 (Tex. Crim. App. 1980); Williams v. State,
575 S.W.2d 30 (Tex. Crim. App. 1979); Kenney v. State, 750 S.W.2d 10 (Tex. App. 1988, pet.
ref'd); Allen v. State, 736 S.W.2d 225 (Tex. App. 1987, pet. ref'd); Botello v. State, 693 S.W.2d
528 (Tex. App. 1985, pet. ref'd).

 Citing Webb, 801 S.W.2d at 529, the appellant seems to argue that the child's
burned hand was not a serious bodily injury because it has healed with only slight scarring. As
stated above, however, the child's hand is not only scarred, but suffers from a loss of sensitivity. 
Further, appellant will not be allowed to inflict serious bodily injury on a child and then benefit
from the positive efforts of the medical profession. The relevant issue is the extent of the bodily
injury as inflicted, not after the effects have been ameliorated (or exacerbated) by medical
treatment. Brown, 605 S.W.2d at 575; Barrera v. State, 820 S.W.2d 194, 196 (Tex. App. 1991,
pet. ref'd). In Webb there was no evidence that the complainant's injury, without the surgery,
would have caused permanent disfigurement or protracted loss or impairment of the function of
any bodily member or organ. Webb, 801 S.W.2d at 532. In the present case, however, there is
evidence that without expert medical treatment the child would have developed a claw-hand
condition, permanently impairing his use of that hand. The child enjoys greater use of the hand
now than he would have without treatment and therapy.

 Based on our discussion above, we conclude that there is legally sufficient evidence
to support the jury's verdict. Further, having considered and weighed all the evidence, we cannot
conclude that the jury's verdict is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.


DEADLY WEAPON


 In his second and third points of error, the appellant argues that the evidence is
legally and factually insufficient to support the jury's finding that he committed the offense with
a deadly weapon. The Texas Penal Code defines "deadly weapon" to mean "anything that in the
manner of its use or intended use is capable of causing death or serious bodily injury." Tex.
Penal Code Ann. § 1.07(a)(11)(B) (1974). In the present case, appellant used an open flame
originating from a stovetop to inflict a serious bodily injury. If something actually causes serious
bodily injury due to the manner in which it is used, then that is necessarily evidence that it is
capable of causing serious bodily injury. See Bosier v. State, 771 S.W.2d 221, 224 (Tex. App.
1989, pet. ref'd); see also Taylor v. State, 735 S.W.2d 930, 948-49 (Tex. App. 1987), aff'd after
remand on other grounds, 786 S.W.2d 295 (Tex. Crim. App. 1990), cert. denied, 111 S. Ct. 110
(1990) (holding that fire as used in that case was a deadly weapon within the meaning of the
statute). Further, there is expert testimony in the record that an open flame on a stovetop is
capable of causing serious bodily injury if a person's hand is subjected to the flame. Therefore,
we conclude that the evidence is both legally and factually sufficient to support the jury's finding
that appellant used a deadly weapon to commit the offense.


CONCLUSION


 Based on our foregoing discussion, we conclude that the evidence is both legally
and factually sufficient to support the jury's verdict.



 We overrule appellant's three points of error and affirm the conviction.



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 8, 1992

[Do Not Publish]
1. Appellant's punishment was enhanced pursuant to the habitual-offender provision in Tex.
Penal Code Ann. § 12.42(a) (1974).