In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00156-CR

                                                ______________________________

 

 

                                   RANDY LEE WILLIAMS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26,316

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Randy
Lee Williams was found guilty by a jury of aggravated assault causing serious
bodily injury to Dennis Eubanks, this being enhanced by prior felony
convictions to a first-degree felony. 
After having been sentenced to fifty years’ imprisonment, Williams has
appealed.

            The
incident giving rise to the charges occurred at the house of a mutual friend of
Williams and Eubanks, Mike Lane. 
Williams had once resided in the house with Lane, and Eubanks was then
currently residing in a room there.  Something
of a celebration or party was planned and it was attended by Williams, Eubanks,
Lane, and Lisa Spurgeon, Lane’s girlfriend. 
Williams had brought alcoholic beverages to the gathering.  During the course of the occasion, a
disagreement arose between Williams and Eubanks.  Eubanks approached Williams and, pointing a
bottle at him, told Williams to “mind his own business.”  Williams responded by striking Eubanks,
knocking him to the floor; as Eubanks lay on the floor, Williams continued to
repeatedly strike Eubanks.  

            As
a result of this, Eubanks suffered severe facial injuries, including a broken
nose and multiple breaks and shatters in facial bones, rendering his mid-face
unstable.[1]
 Dr. Thomas Sharp[2]
testified that Eubanks had a LaFort III (a “very severe” facial fracture).  Sharp went on to relate that Eubanks suffered
from comminuted, or shattered, “extensive maxillofacial bone fractures,” “[c]omminuted
fractures of the orbital floor, bilaterally,” “maxillary sinus fractures,” and “[f]racture
of the lateral pterygoid plates, bilaterally.” 
Some of the hardware installed to deal with the injuries sustained by
Eubanks has been removed, but some metal hardware installed in Eubanks’ face is
permanent.  

            Williams raises
two issues on appeal.  First, Williams argues
the evidence is insufficient for the jury to conclude beyond a reasonable doubt
that Williams inflicted serious bodily injury. 
Second, Williams argues the evidence is insufficient to reject Williams’
self-defense justification beyond a reasonable doubt.

The Evidence of a Serious Bodily Injury Is Sufficient

            Williams
argues, in his first issue, the evidence is insufficient to support a finding
of serious bodily injury maintaining that Eubanks did not suffer any lasting
limitations on any life functions.  The
State argues the evidence is sufficient because of the serious degree of the
injuries sustained or due to the protracted impairment of Eubanks’ ability to
eat.  

            In
reviewing the evidence for sufficiency, we consider the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.
 Jackson v. Virginia, 443 U.S.
307, 318–19 (1979); Brooks v.
State, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (plurality op.).  A proper application of the Jackson v.
Virginia legal sufficiency standard is as exacting a standard as any
factual sufficiency standard.  Brooks, 323 S.W.3d at 906.  Legal sufficiency is judged not by the
quantity of evidence, but by the quality of the evidence and the level of
certainty it engenders in the fact-finder’s mind.  Id. at 917–18 (Cochran, J., concurring).
 We are directed to subject challenges to the sufficiency of the evidence to the
hypothetically-correct jury charge analysis.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).

            Under
the hypothetically-correct jury charge standard, the State was obligated to
prove Williams intentionally or knowingly[3]
caused serious bodily injury to Eubanks. 
See Tex. Penal Code Ann. §§ 22.01, 22.02 (Vernon Supp.
2010).  The Texas Penal Code defines “serious
bodily injury” as “bodily injury that creates a substantial risk of death or
that causes death, serious permanent disfigurement, or protracted loss or
impairment of the function of any bodily member or organ.”  Tex.
Penal Code Ann. § 1.07(a)(46) (Vernon Supp. 2010).  

            In
such a prosecution, it is the burden of the State to prove that a serious
bodily injury occurred.  Williams v. State, 696 S.W.2d 896, 898
(Tex. Crim. App. 1985) (concluding State failed to establish gunshot wounds
were serious bodily injuries where no surgery occurred and  bullets were left in victim).  The State does not argue that the injury created
a substantial risk of death.  The issue
in this case is whether the injury caused serious permanent disfigurement or
protracted loss or impairment of the function of any bodily member or organ.    

            When
considering whether an injury is a serious bodily injury, our inquiry is
focused on “the disfiguring and impairing quality of the bodily injury as it
was inflicted, not after the effects had been ameliorated or exacerbated by
other actions such as medical treatment.” 
Brown v. State, 605 S.W.2d
572, 575 (Tex. Crim. App. [Panel Op.] 1980); Nash v. State, 123 S.W.3d 534, 539 (Tex. App.—Fort Worth 2003, pet.
ref’d).  No wound constitutes a per se “serious
bodily injury.”  See Moore v. State, 739 S.W.2d 347, 352 (Tex. Crim. App.
1987).  Whether an injury qualifies as “serious
bodily injury” must be determined on a case-by-case basis.  Moore,
739 S.W.2d at 352; Wilson v. State,
139 S.W.3d 104, 106 (Tex. App.—Texarkana 2004, pet. ref’d).  We note the State must establish a serious
bodily injury was actually inflicted; it is not sufficient to prove a “hypothetical
or mere possibility” of a serious bodily injury.  Moore,
739 S.W.2d at 352.  Moore prohibits the State from attempting “to transform a minor
injury into a serious bodily injury through the use of speculative testimony
about what might have occurred had the minor injury not been medically treated.”  Moore
v. State, 802 S.W.2d 367, 370 (Tex. App.—Dallas 1990, pet. ref’d).

            Although
the record does contain some evidence of disfigurement,[4] the
record clearly contains sufficient evidence for the jury to conclude that the
significant impairment of the function of Eubanks’ jaw for four to five months
constituted a protracted impairment of a bodily function.  Dr. Sharp testified “for any bone to heal, it
has to be set . . . [a] lot of times they will wire that jaw shut.”  Eubanks testified that Williams broke his
jaw,[5]
his nose, and shattered a number of his facial bones.  Eubanks had to have his jaw wired shut and
was on a liquid diet for approximately four to five months.  Dr. Sharp testified it would be standard
procedure for a patient to have his jaw wired shut and to be placed on a liquid
diet consisting of “[s]omething that’s very soft, barely chewable.  We’re talking about soups.”  At the time of trial (which occurred
approximately a year after the assault), Eubanks still was prevented by his
injuries from eating hard food, such as steaks.[6]  

            This
Court has held that an impairment that has lasted four months is
protracted.  Kenney v. State, 750 S.W.2d 10, 12 (Tex. App.—Texarkana 1988, pet.
ref’d) (citing Williams v. State, 575
S.W.2d 30 (Tex. Crim. App. 1979) (impairment of arm for three months was “protracted”)).  Under the circumstances of this case, a
rational juror could have concluded, beyond a reasonable doubt, that Eubanks
suffered a protracted impairment of the use of his jaw.  The evidence of a serious bodily injury is
sufficient.  

There Is Sufficient Evidence that Williams
Did Not Act in Self-Defense

            Williams argues, in his second point
of error, that the evidence is insufficient to support the jury’s rejection of
his claim of self-defense.  Under
Williams’ account of the incident, Eubanks threw a bottle at Williams, fully
aware that Williams had previously had surgery to his brain.[7]  Williams argues that under the circumstances,
a rational juror would have reasonable doubt concerning whether Williams
reasonably believed that the force he used against Eubanks was immediately
necessary to protect himself against unlawful force.  The State argues[8] that
Williams provoked Eubanks or, alternatively, the jury could have concluded,
beyond a reasonable doubt, that Eubanks did not use or threaten unlawful
force.  We agree with the State that a
rational juror could have concluded that Williams lacked a reasonable belief
that force was immediately necessary.  It
is not necessary for us to address the State’s alternative argument that
Williams provoked Eubanks and, therefore, waived his right to the self-defense
justification.[9]  

            The
elements of self-defense are contained in Section 9.31 of the Texas Penal
Code.  See Tex. Penal Code Ann.
§ 9.31(a) (Vernon Supp. 2010).  Section
9.31 provides in pertinent part: 

            (a)        Except as provided in Subsection (b), a
person is justified in using force against another when and to the degree the
actor reasonably believes the force is immediately necessary to protect the
actor against the other’s use or attempted use of unlawful force . . . .

 

            (b)        The use of force against another is not
justified:

 

                        (1)        in response to verbal provocation alone

 

                        . . . .

 

                        (4)        if the actor provoked the other’s use or
attempted use of unlawful force . . . .

 

Tex.
Penal Code Ann. § 9.31 (Vernon Supp. 2010).  A “reasonable belief” is “a belief that would
be held by an ordinary and prudent man in the same circumstances as the actor.’’
 Tex.
Penal Code Ann. § 1.07(a)(42) (Vernon Supp. 2010); see Werner v. State, 711 S.W.2d 639, 645
(Tex. Crim. App. 1986).

            In
raising the justification of self-defense,
a defendant bears the burden of production, which requires the production of
some evidence that supports the particular justification.  Zuliani v. State, 97 S.W.3d 589, 594
(Tex. Crim. App. 2003); Saxton v. State, 804 S.W.2d 910, 913 (Tex. Crim.
App. 1991).  Once the defendant produces
some evidence, the State then bears the burden of persuasion to disprove the
self-defense claim beyond a reasonable doubt.  Zuliani, 97 S.W.3d at 594; Saxton,
804 S.W.2d at 913–14.  The burden of
persuasion does not require the production of evidence, but rather only
requires that the State persuade the jury beyond a reasonable doubt that the
defendant did not act in self-defense.
 Zuliani, 97 S.W.3d at 594; Saxton,
804 S.W.2d at 913–14; Kelley v. State, 968 S.W.2d 395, 399 (Tex.
App.—Tyler 1998, no pet.).  A jury
verdict of guilt results in an implicit finding against the defensive
theory.  Zuliani, 97 S.W.3d at 594;
Saxton, 804 S.W.2d at 914.

            Although
the State argues that there is no evidence “the bottle was actually used in a
threatening manner towards” Williams, the record does contain some evidence
that Williams was acting in self-defense. 
Spurgeon testified that the day after the incident, Williams had told
her  that Eubanks had thrown a bottle at
him that evening.[10]  However, neither Lane nor Spurgeon observed
the escalation of the conflict from verbal disagreement into physical
violence.  Thus, neither witness could
testify concerning whether the bottle was thrown.  While this is some evidence Williams acted in
self-defense, a rational juror could have concluded Williams did not act in
self-defense.  

            A
rational juror could have chosen to disbelieve Williams’ self-serving out-of-court
statements and concluded, beyond a reasonable doubt, that Williams used force
in response to only verbal provocation.  A
jury can choose to disbelieve a witness, even when that witness’ testimony is
uncontradicted.  Henderson v. State, 29 S.W.3d 616, 623 (Tex. App.––Houston [1st
Dist.] 2000, pet. ref’d).  The use of
force “is not justified . . . in response to verbal provocation alone.”  Tex.
Penal Code Ann. § 9.31(b)(1) (Vernon Supp. 2010).  Eubanks testified that he did not strike
Williams with his hand or with the bottle he had in his hand.  Spurgeon testified, because the bottle ended
up on the floor beside the bed after the fight, that she did not believe that
the bottle had been thrown at Williams. 
Both Spurgeon and Lane testified they saw no visible injuries to
Williams after the assault.  Eubanks
testified that he and Williams had engaged in “verbal disagreements” in the
past, but these disagreements had never escalated to “fists being used.”  Lane testified he had seen Eubanks and
Williams have verbal disagreements before, but had never seen the disagreements
elevate to physical confrontation.  The
jury was entitled to believe Eubanks’ statements of his version of the events
over Williams’ version.  A rational juror
could have concluded, beyond a reasonable doubt, that Williams lacked a reasonable
belief that force was immediately necessary to protect himself from the use or
attempted use of unlawful force.  The
evidence is sufficient to support the jury’s rejection of self-defense.  Williams’ second issue is overruled.

            For
the reasons stated, we affirm.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February
28, 2011

Date Decided:             March
9, 2011

 

Do Not Publish











[1]Dr.
Sharp, the attending emergency room physician who treated Eubanks at Hunt
Regional Hospital, explained that a face is stable if it does not move, even
though it may have fractures.  

 





[2]After
a CAT scan was performed, Eubanks was transferred to Parkland Hospital in
Dallas, where the reconstructive surgery was performed on Eubanks.  





[3]The
indictment alleged Williams did “intentionally or knowingly cause serious
bodily inury to Dennis Eubanks by striking him in the face with his hand or
hands.”  The State is bound by its
allegations that Williams acted intentionally or knowingly.  See
Gollihar v. State, 46 S.W.3d 243, 254
(Tex. Crim. App. 2001); Malik, 953
S.W.2d 240; see also Curry v. State,
30 S.W.3d 394 (Tex. Crim. App. 2000).  





[4]The
record contains some evidence that Eubanks would have been seriously and
permanently disfigured absent medical treatment.  Dr. Sharp testified Eubanks’ mid-face was
unstable and although Eubanks’ mandible was intact, “a lot of the bones of the
face were fractured.”  When asked, “[W]hat
would happen” if Eubanks did not receive surgery, Dr. Sharp responded that the
injury “possibly could have had a malocclusion of his -  of his – of his bite, okay, which could have
affected his chewing and everything else down the road.”  Dr. Sharp also testified that the injury “could
affect his breathing [through] his nasal cavities” and that he would “have a
hard time breathing.”  Because the
evidence is clearly sufficient to establish protracted impairment, it is not
necessary for this Court to decide whether the evidence is sufficient to
establish Eubanks would have been permanently disfigured without medical
treatment.

 





[5]Mandible
refers to the lower jawbone.  Dorland’s Illustrated Medical Dictionary
1093 (30th ed. 2003).  The record
suggests Eubanks’ upper jaw may have been broken, but it is not clear
concerning whether another part of Eubanks’ jaw was broken.  Dr. Sharp testified Eubanks’ facial fractures
would make it difficult to chew “[j]ust like if you had a mandible fracture . .
. .”  

 





[6]Eubanks
was scheduled for surgery to repair his teeth damaged in the assault.  





[7]Eubanks
testified he was aware that Williams had previously undergone surgery for a
brain aneurysm.  When asked whether he
was aware that Williams was “very sensitive about his head,” Eubanks responded,
“I don’t know.”  Williams argues that he
had been warned that additional head injuries could aggravate his condition.

 





[8]We
note the State argues that error was not preserved because Williams did not
object to the charge on provocation.  An
error concerning jury charge error, if it had been raised, would be reviewed
under Almanza v. State, 686 S.W.2d
157, 173 (Tex. Crim. App. 1984) (op. on reh’g). 
Williams, though, has not raised any issue concerning jury charge error;
rather, he raised legal sufficiency.  “[A] claim regarding sufficiency of the evidence need not be preserved for appellate review at the
trial level, and it is not forfeited by the failure to do so.”  Moff v. State, 131 S.W.3d 485, 489
(Tex. Crim. App. 2004).

 





[9]The
self-defense justification is not available if the actor provoked the other’s
use or attempted use of unlawful force.  Tex. Penal Code Ann. § 9.31(b)(4) (Vernon
Supp. 2010); Smith v. State, 965
S.W.2d 509, 514 (Tex. Crim. App. 1998). 
The trial court instructed the jury on provocation.  The State argues Williams provoked Eubanks by
interrupting a private conversation.  We
decline to express any opinion concerning whether a rational juror could have
concluded Williams provoked Eubanks.





[10]Although hearsay, this evidence was not objected to
and, therefore, evidence.  When reviewing
the sufficiency of the evidence, we must evaluate all of the evidence in the
record, both direct and circumstantial, whether admissible or inadmissible.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); see Neal v. State, 256 S.W.3d 264, 277 (Tex. Crim. App. 2008).