**AFFIRM; and Opinion Filed June 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00214-CR

### ANTHONY TERRENCE SMITH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 292nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1271255-V

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

A jury convicted Anthony Smith of aggravated assault with a deadly weapon. In three issues Smith argues (1) the evidence is insufficient to show he used a metal baseball bat as a deadly weapon; (2) cumulative missteps by the trial court and the State violated his constitutional rights; and (3) the trial court erred by denying his request for a jury instruction on the lesser-included offense of misdemeanor assault. We affirm the trial court's judgment.

FACTUAL BACKGROUND

The complainant, Gerre Bird, and her boyfriend, Eric Bryant, were at her house when Bird saw Anthony Smith come into the living room with a metal baseball bat. Smith hit Bryant several times on his side and back with the bat. The blows knocked Bryant to the ground and left scars on his body. Smith also chased Bird, grabbed her from behind, and hit her on the head with the bat. Bird started bleeding, became dizzy, and fell to the ground. Bird escaped to a

neighbor's house and called 911. She told the dispatcher, "[T]his guy is trying to kill me. My ex-boyfriend is trying to kill me." Bird was taken to the hospital by ambulance. Her medical records show she suffered a laceration to her forehead requiring twelve stitches to close and a concussion.

LAW AND ANALYSIS

A.      Sufficiency of the Evidence

In his first issue, Smith argues the evidence is insufficient to show the metal bat was a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2) (aggravated assault with deadly weapon). He does not challenge the evidence supporting any other element of the offense. We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011) (footnotes omitted).

Smith argues the evidence is insufficient to show a deadly weapon because no one testified Smith used the bat in a manner capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B) (deadly weapon), 1.07(a)(46) (serious bodily injury). Expert testimony is not required to prove a weapon is deadly. *Williams v. State*, 575 S.W.2d 30, 32 (Tex. Crim. App. 1979). Lay testimony may be sufficient to support a deadly weapon finding. *See Tucker v. State*, 274 S.W.3d 688, 691–92 (Tex. Crim. App. 2008). The jury is free to consider all of the facts of the case, including the nature, location, and severity of the wounds inflicted when deciding whether a weapon is deadly. *Williams*, 575 S.W.2d at 32.

The evidence shows Smith hit Bryant multiple times with the bat hard enough to cause him to fall and to leave scars. It also shows Smith hit Bird with the bat, causing her to fall to the ground dizzy and bleeding. She sustained a concussion and a gash in her forehead that exposed her skull, and which required twelve stitches to close. Based on this record, we conclude the evidence is sufficient for a reasonable juror to conclude Smith used the metal bat in a manner capable of causing death or serious bodily injury and the bat, as used, was a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B), 1.07(a)(46). We overrule Smith's first issue.

**B. Lesser-Included Offense**

In Smith's third issue, he argues the trial court erred by denying his request for a jury instruction on the lesser-included offense of misdemeanor assault. The State concedes misdemeanor assault is a lesser-included offense of aggravated assault with a deadly weapon.

The trial court's decision to submit or deny a lesser-included offense instruction is reviewed for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004) (en banc). We apply a two-pronged test to determine if the trial court should have given a jury charge on a lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). We first determine if the proof necessary to establish the charged offense includes the lesser offense. *Id*. If it does, we review the evidence to determine whether appellant is guilty only of the lesser offense. *Id*. at 536. The first prong is uncontested here.

The second prong is a question of fact and is based on the evidence presented at trial. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). This prong requires the reviewing court to determine whether there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* It "is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather there must be some evidence directly germane to a lesser-included

–3–

offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

Smith was entitled to the requested lesser-included offense instruction only if the record includes some evidence that Smith did not exhibit or use the bat as a deadly weapon during the assault. The record does not support this conclusion.

It is undisputed Smith struck Bryant multiple times with a metal bat hard enough to knock him over and leave scars. It is also undisputed Smith hit Bird in the forehead with the bat causing a gash, bleeding, concussion, and loss of consciousness; Bird needed a dozen stitches. There is no evidence Smith did not use the bat as a deadly weapon. Accordingly, there is no evidence from which the jury could have determined Smith was only guilty of misdemeanor assault. The trial court did not abuse its discretion by denying Smith's request for a jury instruction on misdemeanor assault. We overrule Smith's third issue.

## C.    Constitutional Claims

Smith's second issue states: "Appellant's constitutional right to a fair trial and due process under the 5th, 6th, and 14th Amendment [sic] were violated by a cumulation of violations, including the State's numerous instances of untimely production of discovery and the State's improper closing arguments as well as the court's denial of appellant's motions for mistrial and continuance." After reviewing his brief, we conclude Smith's complaints in his second issue include: (1) the State failed to timely produce multiple pieces of evidence, including medical records, photographs allegedly showing Bird's and Bryant's injuries, records from Child Protective Services, and video-recorded interviews; (2) the trial court denied multiple motions for mistrial based on the State's alleged failure to produce evidence and the State's violation of rule 615, *see* TEX. R. EVID. 615 (production of statements of witnesses in criminal cases); (3) the trial court denied his motion for continuance based on the State's alleged repeated discovery

abuses and violation of rule 615; and (4) the State made improper jury arguments, including the State struck at Smith "over the shoulder of counsel," the State referred to facts outside of the record, the State shifted the burden to Smith, and the prosecutor injected her opinions into her closing argument.

Smith's second issue embraces multiple grounds for alleged error. It attacks several alleged discovery abuses by the State, multiple instances when the trial court denied Smith's motions for mistrial and continuances, and several comments and arguments made by the State during its closing argument. Smith's argument asserts the errors by the State and trial court violated three constitutional provisions. Because Smith argues more than one legal theory as in a single issue, his second point is multifarious. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010); *Solomon v. State*, No. 05-14-00634-CR, 2015 WL 3616425, at *3 (Tex. App.—Dallas June 10, 2015, no pet. h.) (mem. op., not designated for publication). We conclude Smith's second issue is inadequately briefed, and, as such, is waived. *See Solomon*, 2015 WL 3616425, at *3 (collecting cases); TEX. R. APP. P. 38.1(h).

Even if we concluded Smith properly briefed his second issue and properly presented it on appeal, his complaints would fail.

### 1. Brady Material

Before trial, Smith requested the State provide all documents relevant to his guilt, innocence, or punishment. However, Smith complains, the State failed to timely produce multiple pieces of evidence, including medical records, photographs allegedly showing Bird's and Bryant's injuries, records from Child Protective Services, and video-recorded interviews.

When the State discloses evidence during trial, we look at whether the defendant was prejudiced by the tardy disclosure. *Little v. State*, 991 S.W.2d 864, 867 (Tex. Crim. App. 1999). The defendant bears the burden to show prejudice. *See id.* If the defendant does not request a

continuance, we can assume the tardy disclosure of evidence was not prejudicial and the defendant has waived his right to appeal the alleged *Brady* violation. *Brindle v. State*, No. 05-10-01258-CR, 2012 WL 1150533, at *3 (Tex. App.—Dallas Apr. 9, 2012, no pet.) (mem. op., not designated for publication) (citing *State v. Fury*, 186 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd)).

### a.     Medical Records and Photographs

During a pretrial hearing, the State informed the trial court it had subpoenaed Bird's medical records but had not received them and the State had photographs related to the offense that Smith's counsel previously viewed. The State told the trial court it would produce the photographs after they were loaded on to a CD and also would provide the medical records when they became available. The State produced the materials during trial.

Even though Smith's counsel knew the State failed to disclose medical records and photographs, he informed the trial court during voir dire that he did not want to reset the trial. Smith's counsel never requested additional time to review the medical records and photographs. Additionally, Smith's counsel had the opportunity to use the medical records and photographs to cross-examine witnesses, but did not do so. On appeal, Smith does not argue he would have used the medical records and photographs differently if he received them earlier.

Based on this record, we would conclude Smith failed to show he was prejudiced by the State's late disclosure of the medical records and photographs.

### b.     CPS Records

After both sides rested and closed, the State indicated it learned of and was compiling a CPS report showing "Smith was negligent and participated in negligent supervision due to assaulting . . . Bird in front of the children." Smith fails to provide any analysis regarding when or if the State disclosed the CPS report, how the report was favorable, or how Smith was

prejudiced. *See Pena v. State,* 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) ("defendant must show that (1) the State failed to disclose evidence . . . ; (2) the withheld evidence is favorable to him; (3) . . . there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different."). Additionally, the appellate record does not include a copy of the CPS report for our review. Therefore, we would again decline to address the merits of this complaint due to inadequate briefing. *See generally* TEX. R. APP. P. 38.1(i); *see also Leza v. State,* 351 S.W.3d 344, 358 (Tex. Crim. App. 2011).

### c.    Video-Recorded Interviews

The parties do not dispute the State disclosed videotaped police interviews of Bryant and Bird during trial. However, Smith's counsel never requested additional time to review the videotaped police interviews. Rather, he conceded at trial he had adequate time to review them. Based on this record, we would conclude Smith failed to show the tardy disclosure prejudiced him.

### 2.    *Motions for Mistrial and Continuance*

Smith has two bases for his complaint he was entitled to a mistrial: violations of rule 615 and *Brady* for the State's failure to produce video-recorded interviews and the State's failure to provide the CPS report. A mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable errors, and we review the trial court's ruling for an abuse of discretion. *Patterson v. State*, 138 S.W.3d 643, 651 (Tex. App.—Dallas 2004, no pet.) (citing *Wood v. State,* 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). As we already concluded Smith failed to show he was prejudiced by the State's failures to timely produce evidence, we would conclude the trial court did not abuse its discretion by denying Smith's motions for mistrial.

Smith also argues the trial court abused its discretion by denying his motion for continuance. However, because Smith's motion for continuance was oral and did not comply

with statutory requirements, we would conclude Smith did not preserve the issue for appeal. *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (unsworn oral motion for continuance preserves nothing for appeal).

### 3. *Improper Jury Arguments*

Smith lodges several complaints related to the State's closing argument. He asserts the State struck at Smith "over the shoulder of counsel," the State referred to facts outside of the record, the State shifted the burden to Smith, and the prosecutor injected her opinions into her closing argument. To preserve jury argument error for appellate review, the defendant must object, request the jury be instructed to disregard the argument, and move for mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). During the State's closing argument, the trial court sustained all of Smith's objections except those concerning the prosecutor injecting her personal opinion. However, Smith did not request an instruction to disregard, nor did he request a mistrial on any of his sustained objections. Therefore, Smith did not preserve jury argument error on his objections concerning the State improperly striking over the shoulder of counsel, referring to facts outside of the record, or shifting the burden of proof to Smith. *See id.*

Smith objected the prosecutor injected her personal opinion into her argument when she stated "there is no question that Anthony Smith assaulted Ms. Bird." Permissible jury arguments include reasonable deductions drawn from the evidence and the State is afforded wide latitude in its jury argument so long as the argument is supported by the evidence, legitimate, fair, and offered in good faith. *See Brown v. State* 270 S.W.3d 564, 570-72 (Tex. Crim. App. 2008). Because the evidence adduced at trial clearly supported the State's argument that Smith assaulted Bird, we would conclude the trial court did not abuse its discretion by overruling Smith's objection.

CONCLUSION

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140214F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY TERRENCE SMITH,
Appellant

No. 05-14-00214-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1271255-V.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of June, 2015.